### ALEX COY v. THE STATE.

#### No. 3805.   Decided November 10, 1915.

#### Rehearing denied December 8, 1915.

**Murder—Manslaughter—Jury and Jury Law—Reasonable Doubt—Challenge for Cause.**

· Where, upon trial of murder and a conviction of manslaughter, counsel for defendant asked a juror on his voir dire that if after hearing all the evidence, he believed the defendant to be guilty, but had a reasonable doubt as to his guilt, if he would give the defendant the benefit of the doubt and acquit him, to which the juror answered, "No"; whereupon, defendant's counsel offered to challenge· the juror for cause, and the court refused to sustain the challenge, stating that when a juror believed a defendant guilty, the reasonable doubt which the law accords him is overcome, and that the juror could not believe the defendant guilty, and yet have a reasonable doubt thereof. This was correct. and there was no reversible error. Davidson, Judge, dissenting.

Appeal from the District Court of Bexar.   Tried below before the Hon. W. S. Anderson.

Appeal from a conviction of manslaughter; penalty, five years confinement in the penitentiary.

The opinion states the case.

*Haltom & Haltom,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at five years confinement in the State penitentiary.

There are three bills of exception in the record, all relating to the same matter. In one it is shown: "Upon the trial of this cause the following occurred: During the examination of the venireman Frank Krueger, touching his qualification as a juror, the defendant's counsel stated to said venireman: 'The court will tell you in his charge that the defendant in a criminal case is presumed to be innocent until his guilt is established, by competent, evidence, beyond a reasonable doubt, and if you have a reasonable doubt as to his guilt you will give him the benefit of the doubt and acquit him. Now, assuming you have been accepted as a juror, and that you have heard all the evidence, and from the evidence you believe the defendant to be guilty, but you have a

reasonable doubt as to his guilt; with your mind in that condition, would you give the defendant the benefit of the doubt and acquit him?' And to said question so put to him the venireman answered 'No.' And thereupon the defendant's counsel offered to challenge the venireman for cause, for the reason that the venireman had expressed himself as unwilling to give the defendant the benefit of the law as to a reasonable doubt; and the court refused to sustain the challenge upon the ground, as stated by the court, 'When a juror believes a defendant guilty, the reasonable doubt the law accords him is overcome. The question is inconsistent,. because he (the juror) could not believe him guilty and then have a reasonable doubt thereof.' "

We think the court was correct in his ruling, for. if a juror from the evidence adduced on the trial believes a defendant guilty, there is no reasonable doubt as to his guilt. If the juror had a reasonable doubt as to his guilt, the evidence would not have convinced him of his guilt.. And the question propounded is based on the theory that although the evidence had convinced the juror of the guilt of the person on trial, yet if the court charged on reasonable doubt, the juror should acquit. The question as framed is as stated by the court, inconsistent, and the court did not err in not permitting it to be asked the other jurors. The juror who answered it as above did not sit in the case, and no error is presented.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 8, 1915.—Reporter.]

DAVIDSON, JUDGE (dissenting).—Appellant was given five years in the penitentiary for manslaughter.

There are three bills of exception in the record. The first shows that when Frank Krueger was being examined as a venireman, the following occurred: "Defendant's counsel stated to the venireman: 'The court will tell you in his charge that'the defendant in a criminal case is presumed to be innocent until his guilt is established by competent evidence beyond a reasonable doubt, and if you have a reasonable doubt as to the guilt of the defendant you will give him the benefit of the doubt and acquit him; now, assuming you are accepted as a juror, and that you have heard all the evidence, and from the evidence you believe the defendant to be guilty, but have a reasonable doubt as to his guilt, with your mind in that condition, would you give the defendant the benefit of the doubt and acquit him?' To this question the venireman answered, 'No.' " A challenge was interposed for cause because of the facts stated and answer of the witness, which the court refused to sustain and overruled the challenge upon the ground, as stated by the court, that "When a juror believes a defendant guilty, then the reasonable doubt the law accords him is overcome. The question is inconsistent, because. he (the juror) could not believe him guilty and then have a reasonable doubt thereof." The next bill is to the same effect, except the reasons are enlarged, and among other things that defendant further objected to the remarks of the court because the language of

the court was calculated to cause the jurors and veniremen who heard the same to believe that the law requiring the court to charge upon the presumption of innocence and reasonable doubt is of no importance, and that a mere belief of guilt is sufficient to base a verdict of guilty upon, even though they have a reasonable doubt as to his guilt. During the further examination the other bill shows that there were nineteen jurors who were asked the same question, and the district attorney made the same objection on the ground stated by the court above quoted, and further, that the questions were misleading and confusing and the two propositions inconsistent.

I am of opinion that the cause for challenge should have been sustained. The trial court's proposition that a man may believe another guilty and that, therefore, the presumption of innocence and reasonable doubt passes out of the case, is not correct either in law or fact. It is well understood by the legal profession as well as the bench of Texas that a man may believe another guilty and yet he may have a reasonable doubt as to the sufficiency of the admitted facts to show his real guilt. Often facts convince the mind of the existence of other things, yet when we touch it with the proposition that it must be shown beyond a reasonable doubt, it will not afford a justification for a verdict of guilty. If the court was right, then the statute with reference to presumption of innocence and reasonable doubt need never have been passed or enacted by the Legislature. That statute forms one of the basic principles of the enforcement of criminal law and underlies the conviction of men in Texas for crime. That presumption of innocence and the reasonable doubt *must be overcome by legal evidence,* not the *belief* of a juror. The mere belief of the jury that a man is guilty would not justify a verdict. Belief may be reached on preponderance of evidence, and even without that quantum of proof. Conclusion as to guilt must be *engendered,—reached* beyond the presumption of innocence to the exclusion of the reasonable doubt by facts. *Belief of guilt entirely falls short of the legal quantum of proof.* Belief of guilt and proof of guilt, such as overcome innocence and the reasonable doubt, are as different as the mind may conceive. The defendant was entitled to cause for challenge on the jurors who so answered. We are met, however, with the proposition by the Assistant Attorney General that no objectionable jurors are shown to have sat in the trial of the case. This may be answered from these bills of exception that there were nineteen jurors subjected to the test, and if appellant had exhausted his peremptory challenges there were still four jurors left on the jury subject to the challenge for cause. Appellant could only excuse peremptorily fifteen jurors. The rule that the defendant must exhaust his challenges and show an objectionable juror sat on the case does not obtain in this character of case, because it is shown by the third bill of exceptions that there were nineteen of these jurors, and he was entitled to challenge each of those for cause without going to the peremptory challenges, and if he exhausted all of his peremptory challenges, still there remained four that he could not excuse. He could not excuse

them for cause, because the court had ruled that he could not, therefore he must exhaust his challenges peremptorily in order to get rid of those he did get rid of. Those others excused peremptorily could not exceed fifteen—leaving four who necessarily sat upon the jury. I believe the court was in error, and the defendant is entitled, at least, to a trial of his case according to law, and a jury selected who will not disregard the plain language of the statutes of the State.

The judgment ought to be reversed and the cause remanded.