GERALD WAYNE CLEM V. STATE.

No. 29,897. June 25, 1958.

*Frederick W. Robinson,* Houston, for appellant.

*Dan Walton,* District Attorney, *Thomas D. White, Morgan W. Redd,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The indictment alleged the offense of robbery committed after final conviction in the same court for a like offense. The jury having returned a verdict of guilty, and found that the defendant had been so previously convicted, the court entered judgment ordering him confined to the penitentiary for life, and sentence was pronounced in accordance with the judgment.

There is no statement of facts.

Reversal is sought upon formal Bill of Exception No. 2, which relates to the following which occurred on voir dire examination of members of the jury panel.

Appellant's counsel propounded to prospective juror Eda Ewell the following question: "After you have heard the State's evidence would you require the defendant Gerald Wayne Clem, to take the stand or produce some evidence for himself before you found him not guilty, if you thought he probably was guilty, but had a reasonable doubt?" The juror answered "Yes, sir."

The court then instructed the juror as follows: "If selected as a Juror in this case, and the defendant fails to take the witness stand in his own behalf, the court will instruct you he does not

not have to do so; and his failure to do so can not be considered by you as any evidence of guilt, and you must not refer to it in any way in your retirement. If selected as a Juror will you follow the Court's instruction in that respect?" To which the juror answered: "Yes sir."

The court having overruled challenge for cause, appellant excepted.

The complaint made in this court is that the trial court then instructed counsel for the defendant that it was improper for him to ask any other individual juror the question quoted above, and gave the following instruction to the jurors: "All of you who may be selected as Jurors in this case, the twelve jurors will be instructed, first; in all criminal cases the burden of proof is on the State. The defendant is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt, and in the event you have a reasonable doubt as to the defendant's guilt you will acquit him and by your verdict say 'not guilty.' If the defendant fails to take the witness stand you will be further instructed that under the law he is not required to take the witness stand and his failure to do so can not be considered as any evidence of his guilt. You must not consider it in any way in your retirement. If selected as a Juror and the Court gives you those instructions, is there anyone on the panel who does not feel positively he or she could follow such instructions? In other words if you will not follow the law will you please hold up your hand? If you can follow the law remain silent?"

The jurors indicated their assent.

The bill shows that appellant did not testify and that no evidence was produced in his defense.

We do not understand that a juror may be asked on voir dire what he would or would not do at any particular stage of the proceeding under a given state of facts. He may, of course, be interrogated touching his views of the law and the application to any fact situation that the evidence may present.

In the absence of any showing that the Juror Ewell served on the jury or that appellant exhaused his peremptory challenges, and in the absence of a statement of facts, Bill of Exception No. 2 shows no abuse of discretion on the part of the trial judge such as would call for reversal of the conviction.

The case of Coy v. State, 78 Texas Cr. Rep. 184, 180 S.W. 264, appears to support the state's position.

The judgment is affirmed.