**Rickie H. GRANBERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–83–232 CR.**

Court of Appeals of Texas,
Beaumont.

June 19, 1985.

Jimmie Price, Conroe, for appellant.

Mary Ann Turner, Asst. Dist. Atty., Conroe, for appellee.

OPINION

BURGESS, Justice.

Appellant was indicted for attempted burglary enhanced by six prior convictions. A jury found him guilty and the court assessed punishment at forty-five years in the Texas Department of Corrections. A single ground of error is brought forth:

"The trial court committed prejudicial error by forcing appellant to take a juror who did not give truthful answers, and who disagreed with the law."

During the voir dire examination, defense counsel was discussing various aspects of the law with the panel. The following exchange occurred:

"[DEFENSE COUNSEL]: ... As Mr. Spears had told you, Rickie Granberry, as he sits here today, is presumed to be innocent. That is a presumption accorded by our Constitution, the State Constitution, and as well as our Texas Statutes in our criminal codes. He is presumed innocent until such time as the State of Texas brings such credible evidence before you, that he's proven guilty beyond a reasonable doubt. One thing I think a great importance in this presumption of innocence phase is, for everybody to un-

derstand, he doesn't have to do a thing, except show up for trial. Now, that sometimes bothers some people. And whether it bothers you individually, I don't know. That's what I was talking about a moment ago. About those things that may be troubling you. But, he doesn't have to put on any evidence, call any witnesses in his behalf. And, may not, because I may feel that the State of Texas is failed in its burden. And, that may be the decision that I make. Whether we present any evidence. Does anyone on the panel have any particular problem with the presumption of innocence, as I've just explained it?

"[PANEL MEMEBERS (sic)]: (No response)

"[DEFENSE COUNSEL]: Is there anybody on the panel that would require Rickie Granberry to do anything other than come to trial?

"[PANEL MEMBERS]: (No response)

"[DEFENSE COUNSEL]: I take it by your silence that none of you would.... I believe that I didn't, or I don't recall seeing a show of hands of anyone who would say that they would require Rickie Granberry to testify, or to hear his side, so to speak. I would like to ask you as a panel, on behalf of Mr. Granberry, is there anybody, on the panel, that would require Rickie Granberry to testify? To fill in some gaps that the State may have left? Is there anybody that would require him to do this?

"[PANEL MEMBERS]: (No response)

"[DEFENSE COUNSEL]: I take it by your silence that you would not. And, that you would follow the law and not consider that, if he fails to testify, or refused to testify, whatever the case may be.

"[PANEL MEMBER]: I have a question.

"[DEFENSE COUNSEL]: Yes, sir?

"[PANEL MEMBER]: Now, listening to you right now, if I may, I don't have any problems with the fact that Rickie would or would not be required to testify. The problem I'm having right now is how to determine what your motives are, as defense attorney, is the State of Texas required to dot all the I's and cross all of the T's, or finding out whether the gentlemen is or is not innocent or guilty.

"[DEFENSE COUNSEL]: Okay. Let me try to answer it in this fashion. In the sense that you heard the elements early this morning as to what it takes to get to an attempted burglary of a building, attempt, coupled with the elements of burglary. And we're going to go back over those in a few minutes in a little bit different angle. In the sense that dotting I's and crossing T's, yes, the State of texas must prove, in your phrase, dot I's and cross T's on all of those others. And, they must do it in the fashion that the elements—each element, individually, must be beyond a reasonable doubt. They must prove intent, person's consent, or whatever the case may be, they must prove not only each element beyond a reasonable doubt, so that selectively we have beyond a reasonable doubt. I hope that that (sic) has helped you somewhat. I'm not trying to avoid any of your questions, but has that helped you somewhat?

"[PANEL MEMBER]: Yes, sir."

The voir dire continued, preemptory strikes were made and the jury was sworn and empaneled. The following motion was then presented:

"[DEFENSE COUNSEL]: Judge, at this time, the defendant, ..., moves for a mistrial. For the reason that juror number 15, that being ..., at the time that Mr. Granberry and I were exercising our pre-emptory challenges, and by the way, may the record reflect that Mr. ... is one of jurors, who was selected and seated now on this particular panel, that at the time that Mr. Granberry and I were back in the jury room exercising our pre-emptory challenges, Mr. ... stated in the hallway in the presence of some jurors that I was wrong when I described the burden of proof required in a criminal case, and indicated to the other jurors that in his presence unbeknownst to de-

fendant's counsel or to defendant to the effect that the defendant did have more of a duty than just to show up and had some obligation to present evidence and to do something on his behalf. To show the Court, that had defense counsel known of the statements of Mr. ..., that he certainly would not have taken him as a juror in this case by any stretch of the imagination. And, we feel that the inclusion now of Mr. ... as a panel, is certainly going to be a taint to the entire panel, and certainly reflects that Mr. ... possibly did not give true answers to all of the questions that were asked of him by the defense counsel, and for that reason, we would move for a mistrial.

"THE COURT: Okay. Overruled, at this time."

After the indictment was presented, and the state's opening statement, counsel then approached the bench to discuss the question raised by appellant's motion for mistrial. The following then transpired:

"THE COURT: Well, who brought this to your attention?

"[DEFENSE COUNSEL]: Mr. Granberry's girlfriend and his mother. Who were out in the hallway and told me, while we were back in the jury room. And had I known this, I certainly would not have, because I had one that was— that I felt was probably a little less acceptable than him that I struck. But had this been brought to my attention, I certainly would have struck Mr. .... I would not have taken him as a juror.

"THE COURT: Bring Mr. ... out here (indicating to Bailiff).

"THE COURT: Mr. ..., you heard my instructions, did you not, about the—Did you go over them with me whenever I read those instructions to you?

"[JUROR D]: Uh-huh.

"THE COURT: Okay. It has been reported to the Court that you may have stated in the hall prior to being selected on this jury that the burden of proof was

not—I mean that the defense had some type of burden, is that correct?

"[JUROR D]: No. It was relative to the question that I asked the defense attorney at that, you know, before we broke.

"THE COURT: Uh-huh.

"[JUROR D]: That's all I was stating. And I felt uncomfortable about that. Yes.

"THE COURT: Okay. And do you understand that the burden of proof is always on the State?

"[JUROR D]: Yes, I do.

"THE COURT: And they must prove each and every element of the indictment beyond a reasonable doubt?

"[JUROR D]: Uh-huh.

"THE COURT: Okay. Do you understand that the defense does not have to put on any evidence whatsoever?

"[JUROR D]: Yes. That was explained to me.

"THE COURT: Okay. And do you have any problem with that?

"[JUROR D]: Not anymore."

■ Although the ground of error arguably is multifarious [1], we will, in the interest of justice, consider the merits of appellant's complaint. Appellant is quite correct when he states the voir dire process is designed to insure, to the fullest extent possible, that an intelligent, alert, disinterested and impartial jury will perform the duty assigned to it. *La Rosa v. State*, 414 S.W.2d 668 (Tex.Crim.App.1967). Where a juror withholds material information in the voir dire process, the parties are denied the opportunity to exercise their challenges, thus hampering their selection of a disinterested and impartial jury. *Salazar v. State*, 562 S.W.2d 480, 482 (Tex.Crim.App. 1978).

■ A close examination of the voir dire reveals that no information, material or otherwise, was *withheld*. Counsel was certainly put on notice the panel member was having reservations or difficulties about

1. Appellant is actually alleging the trial court erred in failing to grant the motion for mistrial

or in failing to grant the motion for new trial.

presumption of innocence, failure to testify or burden of proof. Defense counsel explained the concepts to panel and, at the close of the voir dire, no panel member had any apparent disagreements with those concepts. It was the defense's contention, and they produced evidence to the trial court, that the panel member/juror had stated the defense did have some burden of proof. The juror denied he had made any statement that the defense had any type of burden, only acknowledging he was still uncomfortable with the matter talked about in voir dire.

The trial court did the most expeditious thing possible. He immediately brought the juror forward, made the necessary inquiry and instructed the juror correctly on the law. We do not find the actions of the judge constitute error, because the misconduct of the juror, if it was, is not such which would cause a reversal. See *Jones v. State*, 596 S.W.2d 134 (Tex.Crim.App. 1980). The ground of error is overruled and the judgment of the trial court is affirmed.

AFFIRMED.