**Jerome Leonard JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–85–01126–CR.**

Court of Appeals of Texas,
Dallas.

June 30, 1986.

Tena M. Hollingsworth, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before WHITHAM, McCLUNG and McCRAW, JJ.

McCRAW, Justice.

Jerome Leonard Johnson appeals his conviction for the murder of Mattie Laverne Smith. The jury assessed punishment at life imprisonment. Johnson alleges three grounds of error: (1) the trial court abused its discretion in denying his right to a full voir dire examination of a prospective juror, (2) the trial court erred in failing to sustain his challenge of a juror for cause, and (3) the trial court erred in overruling the motion for mistrial after improper argument by the prosecutor. We disagree with each ground of error and, accordingly, affirm.

Henrietta Mack, a resident of the West Dallas Housing Project, testified at trial that just after midnight on January 28, 1985, she saw Johnson in a car with Mattie Laverne Smith and a "Cuban". Further, the witness stated that she saw the men drag Mattie Laverne Smith out of the car and into a vacant apartment across the street. A short time later, a gunshot was heard. Subsequently, the body of Mattie Laverne Smith was found in the apartment.

Johnson's first two grounds of error complain of the trial court's alleged abuse of discretion and error in failing to allow a full examination of prospective juror eight and the overruling of a challenge for cause. Johnson's voir dire examination of juror eight is as follows:

PROSPECTIVE JUROR 8: Yeah, and I happen to believe murder is the most serious of all crimes.

[DEFENSE ATTORNEY]: You are saying you could not ever consider the minimum range of punishment in a murder case?

PROSPECTIVE JUROR 8: No.

[DEFENSE ATTORNEY]: Some people feel like that.

PROSPECTIVE JUROR 8: No, I don't think I could.

[DEFENSE ATTORNEY]: There is nothing that I say or Ms. Sims could say that would change your mind?

PROSPECTIVE JUROR 8: I doubt it, I really doubt it. I feel very strongly about it.

[DEFENSE ATTORNEY]: If you felt it was a knowingly and intentional act, then no matter what the case should say, you could not consider the minimum range of punishment?

PROSPECTIVE JUROR 8: I don't see how I could.

[DEFENSE ATTORNEY]: That's fine.

PROSPECTIVE JUROR 8: I think the person could know what they are doing. I don't think I could.

[DEFENSE ATTORNEY]: Some people come to the bench and say, "I could never give the man the maximum." It happens both ways. Some people can—

PROSPECTIVE JUROR 8: Uh-huh.

[DEFENSE ATTORNEY]: And nothing I say or she says could change your mind; is that right?

PROSPECTIVE JUROR 8: I don't think so.

[DEFENSE ATTORNEY]: What county was that in Florida? I'm just curious?

PROSPECTIVE JUROR 8: Boca Raton.

[DEFENSE ATTORNEY]: I'm going to challenge [the venireperson] for cause, your Honor.

THE COURT: Ms. Sims, do you have questions?

[STATE'S ATTORNEY]: Yes, Judge. And I told you earlier, Mr. Rose is right. You are entitled to your opinion. I'm not arguing with you, I just wanted to talk to you about one thing. People have a tendency, which is natural, that you are not down here exposed to a lot of different kind of cases. You have a tendency when you think about a murder to think about one particular kind, the worst that you can imagine.

[DEFENSE ATTORNEY]: I'm going to object to what people have a tendency to think about.

THE COURT: Overruled.

[STATE'S ATTORNEY]: Like the Judge pointed out, there is [sic] different things, different kind of fact situations that constitute a murder. Some of them you have different victims, you have different reasons, you have different circumstances, which is why the Legislature made such a wide range.

PROSPECTIVE JUROR 8: I see. Okay.

[STATE'S ATTORNEY]: Okay. What all the law says that you can do—the Judge said this. You don't even have to be able to think in your mind a situation of five years that you would give five years.

PROSPECTIVE JUROR 8: Uh-huh.

[STATE'S ATTORNEY]: You could be down—like she said, you could be here as a professional juror from now on and you might never hear the case that you think five years is the proper thing.

PROSPECTIVE JUROR 8: Uh-huh.

[STATE'S ATTORNEY]: All the law requires that you be able to do is that right now you understand that is the range.

PROSPECTIVE JUROR 8: Yes.

[STATE'S ATTORNEY]: And that you will keep an open mind.

PROSPECTIVE JUROR 8: Yes.

[STATE'S ATTORNEY]: If you ever—

PROSPECTIVE JUROR 8: Yes, I would.

[STATE'S ATTORNEY]: If you heard the case—why you can't think of what it would be, that if you heard a case where you said, "Yep, that's it. That's the one." You could and you would consider five years?

PROSPECTIVE JUROR 8: Right. Uh-huh.

[STATE'S ATTORNEY]: Not that you would have to give it to anybody.

PROSPECTIVE JUROR 8: I would consider it, but—I guess it would. I would consider it.

[STATE'S ATTORNEY]: There is [sic] not a lot of cases where that would be appropriate in your mind, but if you heard it you can consider it, give five years if you felt it was the right thing to do?

PROSPECTIVE JUROR 8: If I felt it was the right thing to do.

[STATE'S ATTORNEY]: That's all I have, Judge.

THE COURT: Mr. Rose.

[DEFENSE ATTORNEY]: No questions.

THE COURT: Thank you very much. If you will be outside at 15 minutes till three.

[DEFENSE ATTORNEY]: Your Honor, may I make a record here? I believe that she could have been confused as far as the lesser included offenses, and I wanted to talk to her about whether or not she was thinking of something which could be voluntary manslaughter, involuntary manslaughter, and I believe that I would have the right, in view of her cross-examination which raised that point by her wording of her question with respect to different situations, different things can happen. Therefore, your Honor, to make sure the witness was perfectly qualified, I request the right to ask her those questions and make sure that she understands we are not talking about lesser included offenses but murder, knowing and intentional act.

THE COURT: Your request is denied. Come up, please, sir.

[DEFENSE ATTORNEY]: At this time I would ask for an additional challenge, your Honor, because I have not been allowed the right to fully and intelligently exercise my right to voir dire.

THE COURT: Your request is denied.

■ Voir dire is for the purpose of allowing counsel to interrogate members of the jury panel so they may intelligently exercise peremptory challenges and establish which prospective jurors should be removed for cause. *Hughes v. State*, 562 S.W.2d 857, 862 (Tex.Crim.App.), *cert. denied*, 439 U.S. 903, 99 S.Ct. 268, 58 L.Ed.2d 250 (1978). The appellant asserts error due to the trial court's refusal to allow full voir dire examination of prospective juror eight. Johnson's attorney questioned prospective juror eight extensively regarding her feelings with respect to the punishment range for a murder case. Thereafter, there was questioning by the State, after which Johnson's attorney stated he had no further questions, thereby "passing the juror" to the State. Subsequently, however, he requested an additional opportunity to question prospective juror eight on the same topic; the request was denied. Appellant's attorney then requested an additional peremptory challenge.

■ The trial court in its sound discretion can and should control the examination of the jury panel through reasonable restrictions on the exercise of voir dire. *Id.; McManus v. State*, 591 S.W.2d 505, 520 (Tex.Crim.App.1979). In this instance, Johnson's attorney was given ample opportunity to question prospective juror eight until he "passed the juror". We hold that the trial court's denial of additional questioning of the prospective juror was within its sound discretion and does not constitute error. Accordingly, ground of error one is overruled.

■ Johnson also claims that he should have been allowed an additional peremptory challenge due to the court's refusal of his challenge for cause. However, upon review of the record, we fail to find a ruling by the trial court with respect to Johnson's attorney's challenge for cause.

In order to obtain a reversal of a conviction on appeal with respect to a challenge for cause three elements must be shown: (1) an erroneous ruling by the trial court on a challenge for cause, (2) an exhaustion of the defendant's peremptory challenges and (3) evidence that an objectionable juror actually sat on the case. *Powers v. State*, 497 S.W.2d 594, 595 (Tex.Crim.App.1973). Johnson's failure to obtain a ruling on his challenge for cause prevents him from complying with the three required elements needed for a reversal of his conviction.

■ Further, even if a ruling on the challenge for cause had been obtained we could not say the trial court erred in refusing to sustain the challenge for cause as to Johnson. *Garza v. State*, 622 S.W.2d 85, 92 (Tex.Crim.App.1981) (op. on reh'g). When reviewing the answers of a venireperson, the trial judge has the opportunity to observe the tone of voice and demeanor of the prospective juror in determining the precise meaning intended. *Id.*

Although the venireperson originally stated that she could not assess the minimum punishment of five years for a conviction of murder, the court properly allowed the State to further question the prospective juror. Upon reexamination by the State of prospective juror eight, the prospective juror was rehabilitated. Prospective juror 8 unequivocally stated that she *would* consider a minimum sentence in a murder case, if she felt it was the right thing to do. We hold that juror eight was a qualified juror. Ground of error two is overruled.

In his third ground of error, Johnson complains that the trial court erred in overruling his motion for mistrial after the State's improper jury argument during the punishment phase of the trial. We disagree.

■ The portion of the State's argument to which Johnson objects contains the following:

[STATE'S ATTORNEY]: I'm going to suggest to you, ladies and gentlemen, as

the prosecutor in this case, that you begin your deliberations at a sentence in the Texas Department of Corrections at 60 years and you go from there. If you think that's too low then you go on up to what you think is right, but I'm going to suggest to you as the prosecutor in this case that anything less than 60 years would be inappropriate under the facts that you have heard.

[DEFENSE ATTORNEY]: Judge, I'm going to object to his personal opinion.

THE COURT: Sustained.

[DEFENSE ATTORNEY]: I ask that you instruct the jury to disregard his personal suggestion based on being the prosecutor in this court.

THE COURT: The jury will disregard the last comment and not consider it for any purpose.

[DEFENSE ATTORNEY]: Respectfully ask for mistrial.

THE COURT: Your motion is denied.

[STATE'S ATTORNEY]: I'm going to ask you begin your deliberations at 60 years and reach a verdict that you think is proper under the facts and circumstances that you have heard for the taking of Mattie Smith's life ...

The prosecutor was injecting his personal opinion into the jury argument, and we agree with the trial court's ruling that such a statement was improper. However, where the trial court sustains defendant's objection and instructs the jury to disregard statements concerning the prosecutor's personal opinion, error, if any, is cured. *Boyd v. State*, 643 S.W.2d 700, 706–07 (Tex.Crim.App.1982).

Johnson further complains of the prosecutor's rewording of his previous statement, requesting the jury to begin its deliberations at sixty years. This remark, Johnson asserts, reemphasizes the prosecutor's opinion and emasculates the court's admonishment. It is noted, however, that Johnson's attorney made no objection to this particular statement and any error was therefore not preserved. Objections must be made each time allegedly inadmissible argument occurs or it will not constitute reversible error. *Johnson v. State*, 629 S.W.2d 953, 954 (Tex.Crim.App.1982). Accordingly, ground of error three is overruled.

The judgment of the trial court is affirmed.