David A. HARKEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–225–CR.

Court of Appeals of Texas,
Austin.

Feb. 7, 1990.

Charles Kimbrough, Blundell, Moore & Kimbrough, Lockhart, for appellant.

Jeffrey L. Van Horn, Criminal Dist. Atty., Lockhart, for appellee.

Before SHANNON, C.J., and JONES and ONION *, JJ.

ONION, Justice (Retired).

This is an appeal from a conviction for driving a motor vehicle while intoxicated. After the jury's verdict of guilty, the court assessed appellant's punishment at 180 days confinement in county jail and a fine of $750.00, but suspended the imposition of sentence and placed appellant on probation for two (2) years.

Appellant advances eleven points of error. We overrule the points of error and will affirm the judgment of conviction.

Initially, appellant complains the court restricted his voir dire examination and denied him the effective assistance of counsel. In his voir dire examination appellant's counsel informed the jury panel there would be no scientific test of alcohol in the case, and that an individual was not required to take a breath test.

Appellant's counsel then asked:

Now, given the fact that the amount of alcohol to make a person drunk varies, can any of you think of a reason why a

---

* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003 (1988).

person would not want to blow into that machine?[1]

The State's objections to this question were sustained. Appellant's counsel asked no further questions along this line.

A defendant's constitutional right to counsel includes the right of his counsel to question the members of the jury panel in order to intelligently exercise peremptory challenges, *Easterling v. State*, 710 S.W.2d 569 (Tex.Cr.App.1986), cert. denied, 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 and challenges for cause, *Smith v. State*, 676 S.W.2d 379 (Tex.Cr.App.1984), cert. denied, 471 U.S. 1061, 105 S.Ct. 2173, 85 L.Ed.2d 490 (1985); *De La Rosa v. State*, 414 S.W.2d 668, 671 (Tex.Cr.App.1967). As a general rule, the trial court should give the defendant great latitude in questioning the jury panel. *Trevino v. State*, 572 S.W.2d 336 (Tex.Cr.App.1978); *Beaver v. State*, 736 S.W.2d 212, 214 (Tex.App.1987, no pet.). A trial court, however, can control the scope of the voir dire examination to limit improper interrogation, *Smith v. State*, 703 S.W.2d 641 (Tex.Cr.App.1985), and impose reasonable restrictions on the exercise of voir dire examination. *Ratliff v. State*, 690 S.W.2d 597 (Tex.Cr.App.1985); *Williams v. State*, 692 S.W.2d 671 (Tex.Cr. App.1984).

If a defendant's question is proper, an answer denied prevents the intelligent use of challenges. *Powell v. State*, 631 S.W.2d 169 (Tex.Cr.App.1982); *Smith v. State*, 513 S.W.2d 823, 827 (Tex.Cr.App. 1974). However, the defendant must show that the question sought to be asked was a proper one in order to establish an abuse of discretion by the trial court. *Smith*, 703 S.W.2d at 643. A question is proper if it seeks to discover the views of the veniremen on an issue applicable to the case. *Beaver*, 736 S.W.2d at 214; *Mathis v. State*, 167 Tex.Crim. 627, 322 S.W.2d 629 (App.1959). If the question attempts to require the veniremen to commit themselves prior to trial as to how they would

consider certain testimony, it is an improper question. *Postell v. State*, 663 S.W.2d 552 (Tex.App.1983), affirmed, 693 S.W.2d 462 (Tex.Cr.App.1985); *Hughes v. State*, 562 S.W.2d 857 (Tex.Cr.App.1978); *Clem v. State*, 166 Tex.Crim. 429, 314 S.W.2d 579 (App.1958).

Without explaining that the law permitted the admission of a failure to take a breath test, appellant's counsel asked the jury panel to assume a fact, and to indicate to him if they could think of a reason why anyone would not take such a test, or to give such reasons to counsel. Appellant's question as framed sought improper commitment. Questions asked in an improper form may be disallowed by the court. *Hernandez v. State*, 508 S.W.2d 853 (Tex.Cr. App.1974); *Hunter v. State*, 481 S.W.2d 137 (Tex.Cr.App.1972).

In oral argument before this Court, appellant's counsel conceded that the trial court did not prevent him from rephrasing his question or restrict further interrogation on the subject matter. He explained that he interpreted *Campbell v. State*, 685 S.W.2d 23 (Tex.Cr.App.1985), as holding that further interrogation on the subject matter constitutes a waiver of a previously preserved error. Counsel misreads *Campbell*, for it only held that once error is preserved, further interrogation on the subject matter is not essential to the continuation of the preservation of error. We conclude that the trial court did not abuse its discretion. Appellant's first point of error is overruled.

In points of error two through seven, appellant contends the trial court committed reversible error in denying challenges for cause to prospective jurors Patterson, Meyer and Livengood, because such jurors exhibited a bias and prejudice against him, and exhibited a bias and prejudice against a law upon which he was entitled to rely— the presumption of innocence.

After the prosecution had interrogated the jury panel, appellant's counsel asked the panel:

---

1. Counsel apparently was anticipating the introduction into evidence of appellant's refusal to submit to an intoxilyzer machine test. *See* Tex. Rev.Civ.Stat.Ann. art. 6701*l*–5 (Supp.1990).

Now, I want to ask you, in spite of what we all have learned and grew up with about the presumption of innocence, does it look like to you that David must have done something wrong, he must be a little guilty of something or else he wouldn't even be here this morning sitting inside the rail, charged as a defendant in a criminal case? Anybody feel that way? How about the first section? Anybody feel that he must be a little bit guilty of something or he wouldn't be here today?

Veniremen Meyer, Livengood and Patterson raised their hands, and each later indicated it would take evidence to remove that feeling.

Subsequently, veniremen Meyer, Livengood and Patterson were individually summoned to the bench and questioned further by counsel. Patterson reconfirmed her earlier commitment to the presumption of innocence, and told the prosecutor she had misunderstood defense counsel's question, and the fact that appellant had been stopped "doesn't mean he is guilty of it ... but something." When asked what appellant would be guilty of before evidence was heard, Patterson responded that "He is not guilty of anything ... until the evidence is presented ... and then decided." The record then reflects:

> MR. KIMBROUGH [defense counsel]: Well, what do you think—do you feel that he got caught doing something that he wasn't supposed to do or else he wouldn't be here?
>
> PANEL MEMBER PATTERSON: Something questionable.
>
> MR. KIMBROUGH: Uh-huh. Maybe not guilty of the offense charged, but he doesn't—he did something wrong or he wouldn't have been arrested and brought to court?
>
> PANEL MEMBER PATTERSON: Right.

The prosecutor pointed out to the court that the answer was a perfectly reasonable reaction to the question asked. No one made any further explanation of the law, and no further questions were asked.

Venireman Meyer reconfirmed her belief in the presumption of innocence. She also said she misunderstood defense counsel's question and that was why she answered as she had: "What I understood him to say was that he had to do something wrong to be here ... I mean we wouldn't send a kid to the principal's office if they didn't do something wrong, you know.... I don't know what he is really accused of, if he is accused of all of it." Meyer then told the prosecutor she was willing to believe without reservation that appellant was innocent until proven guilty. Appellant's counsel asked no further questions.

Venireman Livengood also reconfirmed her belief in the presumption of innocence and was willing to apply it in the instant case. She likewise indicated she apparently misunderstood defense counsel's question. When asked if she believed appellant was "guilty of anything" or merely accused, Livengood guessed "he is accused," but when pressed she stated "... it is hard to answer." She thought she could wait for the evidence and be fair. When asked by defense counsel if she believed appellant had done something wrong, Livengood stated that she thought he must have done something to be stopped, a broken headlight, a law violation. When asked by the prosecutor if she thought appellant was guilty of any criminal violation "as he stands before you today," she answered "No." No further questions were asked.

Appellant challenged the three prospective jurors for cause because (1) they were biased and prejudiced against him and (2) were biased and prejudiced against the presumption of innocence—a law upon which he was entitled to rely. *See* Tex.Code Cr.P.Ann. art. 35.16(a)(9) and (c)(2) (1989). If error was committed, it was preserved under the rule in *Payton v. State*, 572 S.W.2d 677, 680 (Tex.Cr.App. 1978); *Johnson v. State*, 713 S.W.2d 741 (Tex.App.1986, pet. ref'd).

The record, however, simply does not support appellant's claim that the three veniremen were biased and prejudiced

against him. The trial court did not abuse its discretion in overruling the challenges for cause on this basis. We shall examine the second prong of the contention.

A potential juror's initial disagreement with any phase of the law relevant to a case does not merit a per se excusal for cause. *Cockrum v. State,* 758 S.W.2d 577, 586 (Tex.Cr.App.1988), and cases there cited. "Instead, further examination may reveal misapprehension of relevant substantive law, trial procedure, or even the meaning of counsels' questions." *Cockrum,* 758 S.W.2d at 586.

In *Cockrum,* 758 S.W.2d at 586, the venireperson said she would require some sort of evidence before she could vote to acquit. Continued interrogation revealed she was often confused by counsel's complicated questions and was unfamiliar with criminal procedure and jurors' obligations. Once those factors were clarified the venireperson answered she would not place any burden of proof upon the defendant. The court's refusal to excuse the venireperson for cause upon challenge was held not to be an abuse of discretion.

In *Mays v. State,* 726 S.W.2d 937 (Tex. Cr.App.1986), cert. denied, 484 U.S. 1079, 108 S.Ct. 1059, 98 L.Ed.2d 1020 (1988), the court held that there was no abuse of discretion in overruling a challenge for cause where the venireman on further questioning stated that though he had some preconceived notions about the guilt or innocence of anyone who was brought to trial, he felt he could afford the presumption of innocence to the defendant until he was proven guilty. *See also Granberry v. State,* 695 S.W.2d 71 (Tex.App.1985, pet. ref'd).

Despite any earlier answers, Patterson, Meyer and Livengood all agreed that they were confused by or misunderstood defense counsel's earlier question, and that they could afford the appellant the presumption of innocence. In effect they repudiated their earlier answers. Some of their answers to other questions at the bench indicated they were unfamiliar with law and procedure. Surprisingly, no one

gave an explanation that in connection with the presumption of innocence the "fact that he [defendant] has been arrested, confined, or indicted for, or otherwise charged with, the offense gives rise to no inference of guilt at his trial." *See* Tex.Pen.Code Ann. § 2.01 (1974); Tex.Code Cr.P.Ann. art. 38.-03 (Supp.1990). Before a venireman is excused because of bias or prejudice against the law, he should be told what the law is. *Cuevas v. State,* 742 S.W.2d 331, 343–344, n. 12 (Tex.Cr.App.1987).

When reviewing the answers of a venireman, since the trial court had the opportunity to observe the tone of voice and demeanor of the venireman in determining the precise meaning intended, *Garza v. State,* 622 S.W.2d 85, 92 (Tex.Cr.App.1981) (opinion on rehearing), an appellate court should generally defer to a trial judge's evaluation of a venireman's demeanor and credibility. *Wainwright v. Witt,* 469 U.S. 412, 429, 105 S.Ct. 844, 855, 83 L.Ed.2d 841 (1985); *Briddle v. State,* 742 S.W.2d 379, 384, n. 1 (Tex.Cr.App.1987); *Phillips v. State,* 701 S.W.2d 875, 881 (Tex.Cr.App. 1985), and cases therein cited.

We conclude that the trial court did not abuse its discretion in overruling the challenges for cause based on bias and prejudice against the presumption of innocence. The veniremen were not disqualified. Appellant's points of error two through seven are overruled.

■ In points of error eight and nine appellant urges the trial court erred in overruling appellant's objection and his motion for mistrial because prospective juror Carmen Patterson was seated as a juror after having been the subject of a peremptory challenge.

It is clear that appellant struck Patterson. After the striking of the jury lists the panel was returned to the courtroom, and the court read aloud the names of the six jurors including Patterson, and asked them to be seated in the jury box. The remaining members of the jury panel were excused from jury service and left the court-

room. The jury was sworn, given lengthy instructions, and excused until the next morning. Thereafter, appellant's counsel began to compare the jury lists, and called attention to the fact that Patterson had been the subject of a peremptory challenge. The court overruled his objection and his motion for mistrial as being belatedly made.

In *Anderson v. State*, 142 Tex.Crim. 384, 154 S.W.2d 482 (App.1941), a prospective juror whose name was not called, took his place in the jury box thinking his name had been called, and was empaneled on the jury. It was not until the next day after the case had proceeded to trial that the clerk determined that a juror had been mistakenly empaneled. The appellate court held that the overruling of the defendant's motion for mistrial was not error and stated:

> It is the duty of the parties to see that, as impaneled, the box does not contain a juror who has been challenged by striking; should such a juror remain and be sworn, the court is not obliged to discharge him and substitute another juror. A fortiori, the verdict is not vitiated thereby—at least unless the complainant can affirmatively show that the unaccepted juror was prejudiced.

*Anderson*, 154 S.W.2d at 483.

In *Munson v. State*, 34 Tex.Crim. 498, 31 S.W. 387 (Tex.Cr.App.1895), as in the instant case, a prospective juror who had been struck was somehow called, and sworn as a juror. After the indictment was read and plea of not guilty was entered, defense counsel discovered the mistake, but the court refused the motion to stand the juror aside. On appeal it was stated:

> We think the appellant did not exercise proper diligence. He should have discovered the mistake before the jury was sworn and then made his motion.... No injury appears to have resulted.

*See also Miller v. State*, 692 S.W.2d 88, 93, n. 10 (Tex.Cr.App.1985); *Acosta v. State*, 522 S.W.2d 528 (Tex.Cr.App.1975); *Macias*

*v. State*, 189 S.W. 953 (Tex.Cr.App.1916); *Cooper v. State*, 144 S.W. 937 (Tex.Cr.App. 1912); *West v. State*, 114 S.W. 142 (Tex.Cr. App.1908); *Granger v. State*, 31 S.W. 671 (Tex.Cr.App.1895); *Bagwell v. State*, 657 S.W.2d 526 (Tex.App.1983, pet. ref'd); *Fuller v. State*, 716 S.W.2d 721, 724 (Tex. App.1986, pet. ref'd); *Cf. Pogue v. State*, 553 S.W.2d 368 (Tex.Cr.App.1977).

Appellant's objection and mistrial motion, coming after the jury was sworn, instructed and excused for the day, and after the balance of the jury panel had been discharged, came too late. There was a lack of proper diligence on the part of the appellant and his counsel. Moreover, no injury has been shown. There was no showing that juror Patterson knew the appellant or anything about the case prior to trial. As noted earlier, the trial court did not err in overruling the challenge for cause to Patterson during voir dire examination. This was a one-witness case. Appellant's guilt was largely undisputed. Punishment was assessed by the court. No motion for new trial was filed, and no evidence on the issue was developed following the jury's verdict. The appellate record does not reflect that Patterson was unfair or prejudiced. Appellant's eighth and ninth points of error are overruled.

In points of error ten and eleven appellant contends the trial court committed reversible error in overruling his objection to the State's jury argument, which bolstered the credibility of the State's sole witness and which was an incorrect statement of the law.

In his closing argument the prosecutor stated:

> *Mr. Culpepper* [State Trooper], *it seems to me, showed you that he is imminently qualified to determine what is normal and what is not normal....*
>
> Mr. Kimbrough [Defense Counsel]: That is bolstering.
>
> Mr. Gibbons [prosecutor]—by people who are driving automobiles.
>
> Mr. Kimbrough: We object.

The Court: Overrule the objection

Mr. Kimbrough: That is bolstering. We object.

The Court: Proceed.

Mr. Gibbons: *I am allowed to bolster in closing argument and I will bolster.* Mr. Culpepper is ...

Mr. Kimbrough: That is an incorrect statement of the law. We object again.

The Court: The objection is overruled. Let's proceed. This is argument:

Mr. Gibbons: Mr. Culpepper is imminently qualified to determine and to observe as to what is normal and what is not normal on people who are driving automobiles on the highways of the State of Texas and the shape they are in while they are doing so.

(emphasis supplied.)

■ Four areas of acceptable jury argument by the prosecution are (1) a summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel, and (4) a plea for law enforcement. *Denison v. State*, 651 S.W.2d 754, 761 (Tex.Cr.App. 1983); *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973).

■ In examining challenges to jury argument courts consider the remarks in the context in which they appear. *Blassingame v. State*, 477 S.W.2d 600 (Tex.Cr.App. 1972).

■ Trooper Sam Culpepper, a ten-year veteran with the Department of Public Safety who had made over 2,000 DWI arrests, was the only witness in the instant trial. He related his training and the various schools he had attended, and revealed he was an instructor for DWI standardized field sobriety testing schools. Culpepper described his arrest of the appellant, the giving of field sobriety tests, and appellant's condition. The arrest led to the charge against appellant of driving while intoxicated "while not having the normal use of mental and physical faculties by reason of the introduction of alcohol into the body."

In his argument to the jury, appellant's counsel admitted some elements of the offense had been proven, but questioned whether through Culpepper, the State had proved "loss of normal use." He argued that Culpepper's definition of "normal" was his own, and "perhaps influenced subjectively by his employment"; that others might have a different opinion. Appellant's counsel then argued "doubt" based on Culpepper's actions.

In reading the prosecutor's argument in the context in which it was made, it is clear that (1) it was in response to opposing counsel's argument which response is clearly permissible, *Alejandro*, 493 S.W.2d at 230, and (2) was a reasonable deduction from the evidence and acceptable. *Griffin v. State*, 554 S.W.2d 688 (Tex.Cr.App.1977). It is true that a prosecutor may not go outside the record to bolster the credibility of a witness by unsworn testimony. *Menefee v. State*, 614 S.W.2d 167 (Tex.Cr.App. 1981); *Brown v. State*, 165 Tex.Crim. 535, 309 S.W.2d 452 (App.1958). This, however, is not what occurred here despite the prosecutor's erroneous assertion or misstatement of law that he had a right to bolster. The complained of argument was a reasonable deduction from the evidence and a proper response to defense counsel's argument. No error is presented. Appellant's points of error ten and eleven are overruled.

The judgment is affirmed.