**Joe SANCHEZ, Sr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–90–00332–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 3, 1991.

Discretionary Review Refused
Oct. 2, 1991.

Peter Justin, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Mary Lou Keel, Asst. Harris Co. Dist. Atty., for appellee.

Before PRICE [1], DUGGAN and DUNN, JJ.

## OPINION

PRICE, Justice.

Appellant, Joe Sanchez, Sr. was convicted in a single prosecution for the offenses of aggravated robbery, aggravated kidnapping, and attempted capital murder that occurred during one related incident. The jury assessed punishment at 20 years confinement and a $2000 fine for aggravated robbery, 40 years confinement and a $3000 fine for aggravated kidnapping, and life imprisonment and a $10,000 fine for attempted capital murder. The court ordered the sentences to run concurrently.

In his first point of error, appellant contends the trial court erred in denying his challenge for cause to prospective juror Robert Bernard, because he exhibited a bias and prejudice against the presumption of innocence.

During voir dire, appellant's attorney asked the panel whether anyone felt that appellant was "probably a little bit guilty of something." Panel member Bernard responded in the following manner:

I'm going to turn your, [sic] around a little bit, I think being a little guilty is like being a little pregnant. You're either guilty or not. I've probably come in with a preconceived notion that the probability of him being found guilty at the end of trial is probably greater than a point five but I think I can—

DEFENSE COUNSEL: I understand what you're saying. Could you set that aside?

PANEL MEMBER BERNARD: I think I could.

DEFENSE COUNSEL: Okay. Any problem, is there any doubt in your mind about your ability to set it aside and hear

the evidence? Can you conceive of the possibility that one can be wrongly accused of a crime?

PANEL MEMBER BERNARD: Yes, sir, I can.

At the end of voir dire, panel member Bernard was questioned at the bench:

DEFENSE COUNSEL: I think my question was directed, do you have a preconceived notion?

PANEL MEMBER BERNARD: I can't tell you. I think if my, in my heart of hearts, I think the prosecution probably came at this case with a good chance of winning or they wouldn't have put forth the effort. That doesn't mean that I can't find that he's one of the rare innocent ones but I would be surprised if I left this court, if I was on the jury and he was found guilty. So that's an honest answer.

DEFENSE COUNSEL: You think you would be somewhat predisposed before we start? In other words, you would lean more toward the guilt aspect than the not guilty aspect before we start?

PANEL MEMBER BERNARD: I would hope not.

DEFENSE COUNSEL: I'm just kind of basing what you just got done telling us. You think you would or wouldn't?

PANEL MEMBER BERNARD: I don't think I would. I don't think I would judge unfairly.

DEFENSE COUNSEL: Correct me if I'm wrong. You've already stated with a, suspect that you would be a, that it would be a rare instance to find somebody not guilty. Is that your opinion?

PANEL MEMBER BERNARD: Yes, that's my opinion.

DEFENSE COUNSEL: Okay. It would be the exception to the rule for somebody accused of an offense to be not guilty in your opinion?

PANEL MEMBER BERNARD: Yes.

DEFENSE COUNSEL: Do you think you could not help but take that same attitude to the jury box?

---

**1.** The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

PANEL MEMBER BERNARD: I think I cannot take that attitude to the jury box.

Appellant reurged his challenge for cause. The trial court stated it was convinced by Bernard's intelligent demeanor and his directness that he could be fair, and overruled appellant's challenge.

When reviewing the denial of a challenge for cause based on a prospective juror's response to questioning, we are obligated to pay deference to the trial court's evaluation of the venireman's demeanor and credibility. *Harkey v. State*, 785 S.W.2d 876, 880 (Tex.App.—Austin 1990, no pet.). Such evaluation will not be overturned on appeal without a showing of an abuse of discretion. *See Villarreal v. State*, 576 S.W.2d 51, 63 (Tex.Crim.App. 1978).

In the present case, the prospective juror expressed a belief that most defendants who go to trial will probably be found guilty. However, he stated, if selected, he would go into the jury box with no predisposition toward appellant's guilt and could find him not guilty based on the evidence. Bernard expressed no prejudice toward appellant or the law involved. His statements to both trial counsel and the trial court support the trial court's finding that he was not disqualified; thus, there was no abuse of discretion in overruling appellant's challenge for cause.

Appellant's first point of error is overruled.

In his second point of error, appellant contends that the trial court erred in submitting to the jury a charge that allowed the jury to convict appellant under the theory of being a party to the offenses, because the evidence was sufficient to support his convictions without the instruction. Appellant does not suggest that the evidence is insufficient to support his convictions under a theory of parties. He maintains that it was error to submit the theory when the evidence was sufficient to support his convictions as the primary actor, claiming the additional charge gave the State the advantage of being able to convict under more than one theory. We disagree.

A trial court is required to instruct the jury on the law applicable to the case. TEX.CODE CRIM.P.ANN. art. 36.14 (Vernon Supp.1991). When the state of the evidence is such that an accused alone committed the offense or acted in concert with another or others in doing so, the law of parties becomes applicable. *Galvan v. State*, 598 S.W.2d 624, 639 (Tex.Crim.App. 1979).

In the present case, the evidence supported appellant's conviction both as a party as well as the principal actor; thus, the trial court appropriately charged on the law of parties. Appellant's second point of error is overruled.

In his third point of error, appellant contends that the constitutional and statutory prohibitions against double jeopardy bar convictions and punishments for multiple crimes arising out of the same incident when prosecuted in a single trial.

Appellant was indicted under one cause number for three offenses that arose out of the same criminal episode. He was prosecuted for all three crimes in one trial. Judgment was entered in each case with the sentences ordered to run concurrently.

It is permissible for a defendant to be prosecuted in a single criminal action for all offenses arising out of the same criminal episode. TEX.PENAL CODE ANN. § 3.02(a) (Vernon 1974). A criminal episode exists where two or more crimes are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan. TEX.PANEL CODE ANN. § 3.01 (Vernon Supp.1991).

Appellant's claim that double jeopardy bars multiple convictions in a single trial for crimes arising out of the same transaction was addressed in *Ex parte Herron*, 790 S.W.2d 623, 624 (Tex.Crim.App.1990). The Court of Criminal Appeals held that the fifth amendment's double jeopardy clause did not prohibit the defendant's prosecution in one trial for aggravated kidnapping and aggravated robbery charged

in two indictments because the clause only applies to successive prosecutions, not to a single prosecution for multiple offenses.

Appellant, in an effort to avoid the application of *Herron*, claims the decision was based only on federal constitutional grounds and not state constitutional grounds. However, he cites no authority to indicate that a different result would occur under a state constitutional interpretation. Because Texas law makes it clear that defendants may be prosecuted in a single trial for as many offenses as are committed in a criminal episode, double jeopardy is not violated.

Appellant's third point of error is overruled.

In his fourth point of error, appellant contends the trial court violated TEX.PENAL CODE ANN. § 3.03 (Vernon 1974) in assessing more than one punishment. He claims that the trial court should have assessed punishment for only the aggravated robbery conviction. Section 3.03 states:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

The trial court complied with the mandatory language of section 3.03 when it ordered the sentences to run concurrently; thus, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.