Opinion issued March 2, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00170-CR
____________

JOSEPH DEMETRIS VINSON, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 947996
 

 
 
MEMORANDUM OPINION
             A jury found appellant, Joseph Demetris Vinson, guilty of the offense of sexual
assault


 and, after finding true the allegations in two enhancement paragraphs that
appellant had two prior felony convictions, assessed his punishment at confinement
for 90 years. In four points of error, appellant contends that the trial court erred in
admitting a sexual assault kit into evidence and in denying his motion for a mistrial
and that the evidence is legally and factually insufficient to support his conviction. 
We affirm. 
Factual and Procedural Background
          Tonya Reed, the complainant, testified that on April 28, 2003, at approximately
5 p.m., the appellant, her cousin, drove her and her fiancé from her apartment to a
family gathering at her grandmother’s home. After eating dinner, the complainant,
her fiancé, and appellant left together to take the complainant’s fiancé home. 
Appellant and the complainant then returned to the family gathering at their
grandmother’s home before departing once again to spend the evening visiting other
friends. At some point in the evening, appellant drove to a motel and stated that he
wanted to rent a room. Because appellant did not have any identification of his own,
the complainant used her identification to rent a room at the motel. The complainant
then left appellant at the motel and took his car to go visit with her friends. 
          Upon the complainant’s return, appellant and the complainant left the motel
and continued to drive around. At approximately 9 p.m., appellant drove toward a
cemetery and turned his car onto a dirt road. Appellant then stopped the car, turned
off the engine, and demanded that the complainant take off her clothes. The
complainant explained that she was shocked and told appellant to “quit playing
around and take [her] home.” Appellant then hit the complainant in the face and
started choking her throat. The complainant feared that she would be seriously hurt
or killed if she did not comply with appellant’s demands. With appellant’s hand
around her throat, the complainant took off her clothes and appellant penetrated her
sexual organ with his sexual organ. The complainant explained that appellant did not
wear a condom and ejaculated inside of her. Appellant told the complainant that he
would kill her if she told anyone about the assault. Appellant then attempted to
penetrate the complainant’s anus with his sexual organ; however, at that point, the
complainant was able to kick appellant away and escape from the car. She ran to a
nearby street and flagged down a passing motorist for assistance. The motorist drove
the complainant to her home where she called her sister and cousin for help. The
complainant’s sister and cousin arrived and took the complainant to The Methodist
Willowbrook Hospital. 
          Tamara Balay, a registered nurse, testified that the complainant arrived at the
hospital’s emergency room on April 28, 2003, five minutes after midnight, stating
that she had been sexually assaulted. The complainant told Balay that appellant had
tried to choke her and slapped the right side of her face. Balay examined the
complainant and took samples for an evidence collection kit or “rape kit.” Balay
assisted in collecting a vaginal swab from the complainant and testified that she found
no signs of redness or trauma on the complainant. Balay also reported the incident
to the Harris County Sheriff’s Office. Balay explained that an officer from the
Houston Police Department (“HPD”) picked up the rape kit at 5 a.m. and she
identified the pertinent State’s exhibits as the evidence collection envelopes
containing the samples she had taken in preparation of the rape kit. 
          J.R. Snook, a HPD official, testified that on April 28, 2003, at approximately
12:34 a.m., he was dispatched to The Methodist Willowbrook Hospital regarding a
sexual assault. Snook spoke to the complainant, who told him about the details of the
incident. Snook explained that he did not notice any injuries on the complainant. 
Snook identified the pertinent State’s exhibits as the rape kit that he had picked up
from the HPD central property room and brought to court. Snook stated that the rape
kit was sealed and that nobody had touched or tampered with it. 
          Robin Guidry, a forensic DNA expert, testified that her analysis had identified
sperm containing the appellant’s DNA on the vaginal swabs taken from the
complainant. Chain of Custody
          In his first point of error, appellant argues that the trial court erred in admitting
into evidence the rape kit because the State failed to prove an adequate chain of
custody. Appellant asserts that the State did not prove that the exhibits had been
properly preserved or that the exhibits contained the same specimen and evidence
originally taken from the complainant and appellant.
          Initially, we note that if a substance is properly identified, most questions
concerning care and custody go to the weight to be given the evidence, not to its
admissibility, unless there is a showing that the substance was tampered with or
changed. Gallegos v. State, 776 S.W.2d 312, 315 (Tex. App.—Houston [1st Dist.]
1989, no pet.). When the State shows the beginning and the end of a chain of custody
of evidence, any gaps in between go to the weight rather than admissibility of the
evidence, particularly if the chain of custody through to a laboratory is shown. Id. at
315–16. It is within the trial court’s discretion to determine the sufficiency of a
predicate, and, absent an abuse of discretion, we will not reverse the trial court’s
judgment. Smith v. State, 683 S.W.2d 393, 405 (Tex. Crim. App. 1984). 
          Here, despite appellant’s contention, the record reflects that the State
sufficiently established the chain of custody of the evidence, including the rape kit. 
Balay testified that she collected various types of evidence from the complainant,
including a saliva sample, a blood sample, a hair sample, fingernail scrapings, and
clothing. Dr. Fite testified that she took vaginal swabs of the complainant, which she
gave to Balay for inclusion in the rape kit. Balay testified that she sealed the
envelopes containing the evidence herself and labeled them accordingly. The sealed
envelopes were placed into a box that Balay sealed and labeled with the
complainant’s name, the hospital name, and her name. She testified that she kept this
box in her presence until a HPD officer came to pick up the box at about 5 a.m. on
April 28, 2003.
          Houston Police Officer Jack Applegate testified that on April 28, 2003, at
approximately 4:45 a.m., he was dispatched to pick up a rape kit from The Methodist
Willowbrook Hospital. Applegate identified his name as being on the kit admitted
into evidence by the State. Applegate picked up the box, which was under his
exclusive care, custody, and control until he transported it to HPD’s central property
room. Applegate explained that the central property room is a secure location. 
          Patrick LeBlanc, an investigator at the Harris County District Attorney’s office,
testified that on October 22, 2003, he transported the rape kit from the HPD central
property room to a forensic and paternity testing company called Identigene. LeBlanc
explained that he kept the box in his care, custody, and control until he delivered it
to the Identigene laboratory.
          Emma Swartout, a forensic DNA analyst at Identigene, took possession of the
kit from LeBlanc, wrote her initials and the date received, and placed the box into a
freezer. Swartout testified that the kit did not appear to have been opened or
tampered with.
          William Jordon, an investigator assigned to the court, testified that on March
16, 2004, he took buccal swabs from appellant pursuant to a search warrant. On
March 19, Jordon went to the HPD crime laboratory and gave the buccal swabs to
Christy Kim, a criminalist with the crime lab. Kim testified that she gave the swabs
to Cassandra Bailey, an evidence technician, who then took them to Identigene. 
          The State showed a complete chain of custody from the first step, the collection
of evidence from the complainant and appellant, to the final step, turning the evidence
over to the Identigene laboratory. As there was no evidence of tampering, any gaps
alleged by appellant went to the weight of the evidence, not its admissibility. Foster
v. State, 101 S.W.3d 490, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.)
(holding that “particularly if the chain of custody through to the laboratory is shown,”
gaps go to weight, not admissibility of evidence). Accordingly, we hold that the trial
court did not err in admitting the rape kit into evidence.
          We overrule appellant’s first point of error.
 
Improper Argument
          In his second point of error, appellant argues that the trial court erred in
denying appellant’s motion for a mistrial because the State, during closing argument,
“went outside the record and implicitly vouched for the credibility of the
complainant.” 
          During closing argument, the State commented regarding the complainant’s
testimony:
Two years later she hasn’t talked about it with her sister. She talked to
me last week. She comes and tells exactly what happened again. Now,
if she just made this all up, if this was all fiction, how is she going to
remember all the details? 
Appellant objected to the State’s argument and requested a mistrial. The trial court
sustained the objection, instructed the jury to disregard the comment, but overruled
the appellant’s motion for mistrial. 
          The denial of a motion for mistrial, appropriate for “highly prejudical and
incurable errors,” is reviewed under an abuse of discretion standard. Simpson v.
State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). Appellant argues that by stating
that the complainant had talked to the prosecutor prior to the trial, and emphasizing
the consistency of the complainant’s story, the prosecutor went outside the record and
implied that the complainant’s trial testimony was consistent with what she had
recently told him.
          Proper jury argument is limited to (1) summation of the evidence presented at
trial, (2) reasonable deductions from that evidence, (3) answers to opposing counsel’s
argument, and (4) pleas for law enforcement. Jackson v. State, 17 S.W.3d 664, 673
(Tex. Crim. App. 2000); Swarb v. State, 125 S.W.3d 672, 685 (Tex. App.—Houston
[1st Dist.] 2003, pet. dism’d). To determine whether a party’s argument properly falls
within one of these categories, we must consider the argument in light of the entire
record. Swarb, 125 S.W.3d at 685. “A prosecutor may not go outside the record to
bolster the credibility of a witness.” Harkey v. State, 785 S.W.2d 876, 882 (Tex.
App.—Austin 1990, no pet.) (citing Menefee v. State, 614 S.W.2d 167, 168 (Tex.
Crim. App. 1981)). 
          Appellant argues that reversal is required in this case because there was an
unsworn statement by the State as to a material fact adverse to him which was not put
into evidence during the trial. But even assuming the State’s argument in this case
constituted a material fact adverse to appellant, here, the argument was not outside
the evidence presented at trial. The record reveals that during the complainant’s
direct examination, the State asked the complainant whether she had come into the
District Attorney’s office the previous week and been asked about “everything that
happened.” Following the complainant’s affirmative response, the State asked, “[a]nd
everything that you have told me is the same as you have told back then that’s in the
statement two years ago; is that right?” The complainant again responded
affirmatively. Thus, the fact that the complainant had related details of the assault to
the prosecutor that were consistent with the account contained in her two-year-old
statement had been introduced into evidence. It was this testimony to which the State
was referring in its closing argument. Thus, the State’s argument fell within the first
area of proper argument – summation of evidence presented at trial. A prosecutor
may argue her opinions concerning issues in the case as long as those opinions are
based on evidence in the record and do not constitute unsworn testimony. See Wolfe
v. State, 917 S.W.2d 270, 281 (Tex. Crim. App. 1996). Moreover, even assuming that
the State’s argument constituted improper bolstering, because the same evidence was
admitted elsewhere without objection, appellant has waived any error for our review. 
Mayes v. State, 816 S.W.2d 79, 88 (Tex. Crim. App. 1991); Hudson v. State, 675
S.W.2d 507, 511 (Tex. Crim. App. 1984). 
          Accordingly, we hold that the trial court did not err in denying appellant’s
motion for a mistrial.
          We overrule appellant’s second point of error.Legal and Factual Sufficiency
          In his third and fourth points of error, appellant argues that the evidence was
legally and factually insufficient to support his conviction because “the complainant’s
testimony . . . was not credible.” 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt.
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The trier of fact is the
sole judge of the weight and credibility of the evidence. Margraves v. State, 34
S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency
review, we may not re-evaluate the weight and credibility of the evidence and
substitute our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999). We must resolve any inconsistencies in the evidence in
favor of the verdict. Curry v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).
          In our review of the factual sufficiency of the evidence, we view all of the
evidence neutrally, not in the light most favorable to the verdict, and we will set aside
the verdict “only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.” Escamilla v. State, 143 S.W.3d
814, 817 (Tex. Crim. App. 2004). The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the fact
finder was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). In performing a factual
sufficiency review, we are to give deference to the fact finder’s determinations,
including determinations involving the credibility and demeanor of witnesses. Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). We may not
substitute our judgment for the fact finder’s. Zuniga, 144 S.W.3d at 482. A proper
factual sufficiency review requires an examination of all the evidence. Id. at 484–85. 
An opinion addressing factual sufficiency must include a discussion of the most
important and relevant evidence that supports the appellant’s complaint on appeal. 
Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
          A person commits the offense of sexual assault if the person intentionally or
knowingly causes the sexual organ of another person, without that person’s consent,
to contact or penetrate the sexual organ of another person, including the actor. Tex.
Pen. Code Ann. § 22.011(a)(1)(A),(C) (Vernon Supp. 2005).
          Here, the evidence, viewed in the light most favorable to the verdict,
established the elements of the offense of sexual assault. The complainant testified
that as she was riding with appellant, appellant suddenly stopped the car and told her
to take off her clothes. The complainant further testified that appellant hit her in the
face and starting choking her throat when she did not initially comply. Appellant
then forced the complainant to take off her clothes and caused his sexual organ to
penetrate her sexual organ. “The testimony of a victim, standing alone, is sufficient
to support a conviction for sexual assault.” Villalon v. State, 791 S.W.2d 130, 133
(Tex. Crim. App. 1990); Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.—Houston
[14th Dist.] 2002, pet. ref’d). Moreover, as discussed, the jury is the sole judge of the
credibility of the witnesses at trial. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). Evidence is legally sufficient as long as it provides the requisite proof needed
to satisfy the elements of the offense charged. Bousquet v. State, 47 S.W.3d 131, 137
(Tex. App.—Houston [1st Dist.] 2001, pet. ref’d). Accordingly, we hold that the
evidence was legally sufficient to sustain appellant’s conviction for the offense of
sexual assault.
          In support of his factual sufficiency argument, appellant reiterates that the
complainant’s testimony “was simply not credible.” Appellant points to medical
personnel testimony contradicting the complainant’s testimony that she did not use
alcohol and narcotics. Appellant notes that the State’s expert confirmed the presence
of sperm, but not semen, in the complainant’s vaginal swabs and “there was no expert
testimony as to whether the intercourse must have been recent.” Appellant also
asserts that there is no evidence corroborating the testimony that the complainant was
taken to the hospital by her sister and cousin. Furthermore, appellant points to the
lack of physical evidence supporting the complainant’s testimony that appellant
slapped her and choked her. Appellant contends that “the credibility [of] the
complainant is so undermined that a reviewing court cannot have confidence in a
verdict supported solely by the complainant’s testimony.”
          The complainant testified that appellant sexually assaulted her. The
complainant explained that she did not initially try to fight appellant because she was
afraid that “he was going to hurt me worse than what he already had.” Although no
physical injuries were observed on the complainant, Dr. Fite testified that evidence
of bruising from these types of injuries might not be seen until twelve to 24 hours
after an assault. Fite also testified that some people do not bruise as easily as others,
and that it can be difficult to see bruises on individuals with darker skin. In addition
to the complainant’s testimony, a sample of appellant’s DNA was compared with the
sperm sample taken from the complainant. The sperm sample taken from the
complainant was consistent with the DNA profile of appellant. This corroborated the
complainant’s testimony that appellant had ejaculated inside of her.
          Viewing the relevant evidence in a neutral light, favoring neither the State nor
appellant, and with appropriate deference to the jury’s credibility determinations, we
conclude that the evidence supporting the verdict is not too weak to support the jury’s
finding of guilt beyond a reasonable doubt and the weight of the evidence contrary
to the verdict is not so strong that the State could not have met its burden of proof. 
Zuniga, 144 S.W.3d at 484–85. Accordingly, we hold that the evidence is factually
sufficient to support appellant’s conviction for the offense of sexual assault. 
          We overrule appellant’s third and fourth points of error.Conclusion
          We affirm the judgment of the trial court.
 
 
 
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Alcala.
 
Do not publish. Tex. R. App. P. 47.2(b).