**Robert E. CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–01425–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 30, 1983.
Discretionary Review Granted
May 23, 1984.

Randy Worsham, Dallas, for appellant.

Henry Wade, Dist. Atty., Gilbert P. Howard, Asst. Dist. Atty., for appellee.

Before AKIN, ROWE and STEWART, JJ.

AKIN, Justice.

■ The question before us is whether the trial court abused its discretion when it refused to permit the appellant to question prospective jurors on their theories of punishment. The appellant had pleaded guilty to the offense with which he was charged; consequently, the sole question to be determined by the jury was the punishment to be assessed. We hold that the trial court erred because the appellant's inquiry into the juror's theory of punishment was a proper subject for voir dire and the trial court's refusal to permit inquiry in this area denied the appellant the ability to intelligently exercise his peremptory strikes. Accordingly, we reverse and remand.

■ Although a trial court has discretion to control a voir dire examination, that discretion is abused when a party is denied the right to interrogate potential jurors in appropriate areas of inquiry. The topics which are proper subjects of voir dire must be broadly defined because otherwise a party may be denied the opportunity to intelligently exercise his peremptory strikes and, thus, be denied effective assistance of counsel. *Mathis v. State*, 576 S.W.2d 835, 836 (Tex.Cr.App.1979) (*en banc*). As noted in *Powell v. State*, 631 S.W.2d 169 (Tex.Cr.App.1982), a juror's theory of punishment is a proper topic of inquiry on voir dire when a defendant has pleaded guilty and looks to the jury for punishment. The *Powell* court stated:

Since the appellant entered a plea of guilty, the only issue for the jury to determine was the appellant's punishment. The jury could have assessed as punishment a term of imprisonment for life or for any term of not more than 99 years or less than 5 years and, in addition, could have assessed a fine not to exceed $10,000. Within that punishment range, the jury was free to exercise its discretion without guidance from the court. Its ultimate decision depended upon reaching a consensus based upon the personal views of the individual jurors. The appellant was entitled to know what those views were in order to intelligently exercise his peremptory challenges.

Since the appellant in this case was also pleading guilty and looking to the jury for punishment, the trial court abused its discretion by denying the appellant's counsel the right to interrogate potential jurors on their theories of punishment.

This abuse of discretion is shown by the following:

DEFENSE COUNSEL: There are certain theories about punishment in a case like this. I guess it basically comes down to two. One that I think that usually comes to mind is retribution; one of the theories of punishment. That the Defendant, he or she, has done something wrong, so they're going to pay for it. That's one of the theories of punishment.

There's also another theory of punishment. They're not really distinct. There might be a mixture of the two that might apply in any given case, and that's rehabilitation. If somebody committed an offense or does something wrong, it's the theory of punishment to rehabilitate the Defendant or the person accused of doing a crime to see that the crime doesn't happen again. In other words, rehabilitate him to make him a lawful, law abiding citizen of our community just like all of you are.

And with that in mind, I'm going to start asking you a few questions, if I may.

Mrs. Wright, about your theory of punishment, do you feel like—

THE COURT: Counsel?

DEFENSE COUNSEL: Yes, Your Honor?

THE COURT: I don't think you have the right to ask them what their theory of punishment is. There's one big theory you entirely left out.

DEFENSE COUNSEL: Your Honor, I believe there's a recent case that gives

me the authority to ask this specific question.

PROSECUTOR: Your Honor, I'm going to object at this particular time about defense Counsel going into, with the jurors, various respective and various theories of punishment unless he crosses a case that justifies—

THE COURT: I hold the contention that, "What's your theory of punishment"—I don't think that's proper.

DEFENSE COUNSEL: Your Honor, may I ask a question?

THE COURT: I sustain the objection.

DEFENSE COUNSEL: Would you consider retribution or rehabilitation to be the primary concern of the punishment?

PROSECUTOR: Objection, Your Honor. I would take exception.

THE COURT: I sustain the objection.

It is obvious from the trial court's statement that "I don't think you have the right to ask them what their theory of punishment is" that the trial court totally precluded a proper area of inquiry by the appellant. By virtue of this statement the appellant was not, as the State contends, denied the right to interrogate only one potential juror but the entire panel. Furthermore, the appellant should not be denied relief because he failed to mention deterrence as a theory of punishment in his question. Although we recognize that a trial court does have the discretion to preclude a party from asking an otherwise proper question if that question is duplicitous of ones which had already been asked or if the trial court is attempting to keep the voir dire from becoming overly lengthy, neither of these considerations applies here. Questions concerning the jurors' theories of punishment had not been elicited previously during the voir dire and the appellant had been questioning the panel for only a short time when he reached this topic.

Reversed and remanded.