**Robert Ellis CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 186–84.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 16, 1985.

Randolph S. Worsham, Dallas, for appellant.

Henry Wade, Dist. Atty. and Gilbert Howard, Jane Jackson and Royce West, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

THOMAS G. DAVIS, Judge.

Appellant pled guilty before a jury to aggravated sexual abuse of a child. After finding appellant guilty, the jury assessed punishment at life imprisonment and a $10,000.00 fine. The Fifth Court of Appeals (Dallas) reversed the conviction and remanded for a new trial. *Campbell v. State,* 667 S.W.2d 221 (Tex.App.1983). The Court of Appeals held that the trial court abused its discretion by sustaining the State's objections to defense counsel's voir dire questions about theories of punishment. We granted the State's petition for discretionary review to examine that holding.

We quote that portion of the voir dire which gave rise to the issue before the Court of Appeals:

"MR. McGILBERRY [Defense Counsel]: There are certain theories about punishment in a case like this. I guess it basically comes down to two. One that I think that usually comes to mind is retribution; one of the theories of punishment. That the Defendant, he or she, has done something wrong, so they're going to pay for it. That's one of the theories of punishment.

"There's also another theory of punishment. They're not really distinct. There might be a mixture of the two that might apply in any given case, and that's rehabilitation. If somebody committed an offense or does something wrong, it's the theory of punishment to rehabilitate the Defendant or the person accused of doing a crime to see that the crime doesn't happen again. In other words, rehabilitate him to make him a lawful, law abiding citizen of our community just like all of you are.

"And with that in mind, I'm going to start asking you a few questions, if I may.

"Mrs. Wright, about your theory of punishment, do you feel like—

"THE COURT: Counsel?

"MR. McGILBERRY: Yes, your Honor?

"THE COURT: I don't think you have the right to ask them what their theory of punishment is. There's one big theory you entirely left out.

"MR. McGILBERRY: Your Honor, I believe there's a recent case that gives me the authority to ask this specific question.

"MR. WEST: Your Honor, I'm going to object at this particular time about defense Counsel going into, with the jurors, various respective and various theories

of punishment unless he crosses a case that justifies—

"THE COURT: I hold the contention that, 'What's your theory of punishment' —I don't think that's proper.

"MR. McGILBERRY: Your Honor, may I ask a question?

"THE COURT: I sustain the objection.

"MR. McGILBERRY: Would you consider retribution or rehabilitation to be the primary concern of the punishment?

"MR. WEST: Objection, Your Honor. I would take exception.

"THE COURT: I sustain the objection." [1]

Relying on *Powell v. State,* 631 S.W.2d 169 (Tex.Cr.App.1982), the Court of Appeals held "that the trial court erred because the appellant's inquiry into the juror's theory of punishment was a proper subject for voir dire and the trial court's refusal to permit inquiry in this area denied the appellant the ability to intelligently exercise his peremptory strikes."

The State seeks to distinguish *Powell* from the instant case on the ground that counsel in *Powell* asked about three theories of punishment—deterrence, rehabilitation, and retribution—but that, in the instant case, appellant's counsel asked about rehabilitation and retribution only. The State argues that "Appellant misstated the recognized, statutory, adjudicated theories of punishment, in that he stated same as being only two, whereas there are basically three." The State cites the Penal Code, Sec. 1.02 for its mention of deterrence, and urges that, by omitting deterrence as a third theory of punishment, appellant's counsel misstated the law. For this reason, the State concludes, counsel's questions were improper, and the trial court did not abuse its discretion in sustaining objections to the questions.

The rationale of the *Powell* decision applies in this case no less than in *Powell.* As in *Powell,* punishment was the only issue before the jury. The punishment range available to the jury in *Powell* was the same as in the instant case—from five years to 99 or life, and a fine of up to $10,000.00. Concerning this range of punishment, the *Powell* court wrote:

"Within that punishment range, the jury was free to exercise its discretion without guidance from the court. Its ultimate decision depended upon reaching a consensus based upon the personal views of the individual jurors. The appellant was entitled to know what those views were in order to intelligently exercise his peremptory challenges."

■ We do not find that counsel's question was improper merely because he omitted mention of the deterrent theory of punishment. Counsel stated to the jury that he believed theories of punishment were "basically two" "in a case like this." Evidently counsel thought that opposing considerations of retribution and rehabilitation would likely figure the strongest in the jury's discussion. Accordingly he sought to elicit the panel members' views on those subjects. The question "Would you consider retribution or rehabilitation to be the primary concern of the punishment?" was a proper one, and the Court of Appeals correctly held that the trial court abused its discretion in sustaining the State's objection to the question.

■ The State argues that appellant failed to preserve the error, because appellant "did not pursue his objection or point until he receive[d] an adverse final ruling." Appellant asked the question, and the State objected to the question. The trial court sustained the objection. Appellant was thus prevented, by a ruling of the court, from asking a proper voir dire question of the jury panel. The error was preserved for review.

The State argues further that:

"[appellant's] counsel did not effectively or properly develop or exhaust the subject by further questioning thereon"

and that:

"the trial court's ruling did not pre-empt further questioning by said counsel on

1. Prior to voir dire the court had instructed the jury that appellant would plead guilty.

the subject, there being no unqualified denial of further questioning."

We do not find the need to impose a requirement of further questioning which the State's arguments would have us do. Persistent further questioning of the panel concerning their punishment theories, in the face of the trial court's ruling, might well have constituted contemptuous behavior by appellant's counsel.

The judgment of the Court of Appeals is affirmed.

ONION, P.J., and McCORMICK, J., dissent.