In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00224-CR

____________


QUINTON ANDRE HINES, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 248th District Court

Harris County, Texas

Trial Court Cause No. 851552






O P I N I O N

 Appellant pled not guilty to aggravated robbery. A jury found him guilty and
assessed punishment at 40 years confinement. We affirm.



Background


 On July 31, 2000, before the complainant entered her place of work, appellant
surprised her from the rear and hit her with a rock. Appellant took her keys and
attempted to steal her truck. 

 Officer Hudson was across the street when he heard the complainant
screaming. He testified that he saw appellant hit the complainant with a rock, which
he characterized as a deadly weapon. He ran across the street and subdued appellant,
who was attempting to leave in the complainant's truck. 

 In two issues on appeal, appellant argues that: (1) the trial court improperly
limited his voir dire by denying him the right to ask the venire certain questions and
(2) the evidence is factually insufficient to show that appellant used a deadly weapon. 
Voir Dire


 In his first point of error, appellant argues that the trial court improperly limited
his voir dire. In voir dire, appellant attempted to ask the venire panel if it could
consider a punishment of five years if the victim had been injured in some way. The
State objected, and the trial court sustained the objection. Appellant then asked the
venire panel if it could consider a punishment of five years if a striking weapon were
used in the aggravated robbery. The State objected again, and the trial court sustained
the objection. Appellant argues that the trial court improperly limited his voir dire
by not allowing him to ask the venire these questions.

 The State argues that appellant did not preserve the complaint for appellate
review. In Campbell v. State, the court of criminal appeals stated that appellant had
preserved the voir dire error after defense counsel asked a question, the State
objected, and the trial court sustained the objection. 685 S.W.2d 23, 25 (Tex. Crim.
App. 1985). Accordingly, appellant has preserved the error, if any, for appellate
review. 

 The trial judge may impose reasonable restrictions on the exercise of voir dire
examination. Boyd v. State, 811 S.W.2d 105, 115 (Tex. Crim. App. 1991). A trial
judge may not, however, restrict proper questions that seek to discover a juror's views
on relevant issues. McCarter v. State, 837 S.W.2d 117, 121-22 (Tex. Crim. App.
1992). The standard of review is abuse of discretion. Id. at 119. The trial court may
limit voir dire when a question commits a veniremember to a specific set of facts.
Ford v. State, 14 S.W.3d 382, 390 (Tex. App.--Houston [14th Dist.] 2000, no pet.)

 Hypothetical fact situations may be employed during voir dire to explain the
application of the law, but not to determine how a venireperson would respond to
particular circumstances. Atkins v. State, 951 S.W.2d 787, 789 (Tex. Crim. App.
1997). "Because the law allows the use of a hypothetical to ascertain the views of the
prospective jurors on issues pertinent to a fair determination of the case, it must be
determined whether the hypothetical was used to explain the law or was used to
commit the jurors to particular circumstances." Id. 

 In the instant case, defense counsel's questions were designed to commit the
jurors to specific sets of facts. Accordingly, the trial court did not abuse its discretion
in sustaining the State's objections. 

 We overrule appellant's first point of error.

Factual Sufficiency


 In his second point of error, appellant argues that there is factually insufficient
evidence to show that the rock was a deadly weapon. 

 The standard of review for factual sufficiency is whether a neutral review of
all the evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak, or so contrary to the overwhelming preponderance of the
evidence, as to undermine confidence in the jury's determination of guilt. King v.
State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000).

 The Texas Penal Code defines "deadly weapon" as follows:

(A) a firearm or anything manifestly designed, made, or
adapted for the purpose of inflicting death or serious bodily
injury; or


(B) anything that in the manner of its use or intended use
is capable of causing death or serious bodily injury. 


Tex. Pen. Code Ann. § 1.07(a)(17)(A)(B) (Vernon 1994). A rock is not a deadly
weapon per se. Therefore, the State was required to prove that, in the manner of its
use or intended use, the rock was capable of causing death or serious bodily injury. 
See id. at § 1.07(a)(17)(B).

 At trial, the complainant testified that appellant struck her on the head three
times with a rock. She fainted from the blows and was afraid that appellant was
going to kill her. Her injuries consisted of a bump on her forehead, a bruise on her
forehead, bleeding, and a gash on the top of her head. After appellant was subdued
by Officer Hudson, the complainant went to the hospital for treatment.

 Officer Hudson testified that the rock used by appellant was three inches long,
one and one-half to two inches wide, and weighed close to a pound. He opined that
the rock qualified as a deadly weapon that was capable of causing serious bodily
injury and or death in the manner in which he saw it being used.

 No other evidence was offered by the prosecution or the defense regarding the
rock. We cannot say that, based on this evidence, the jury's finding was against the
great weight and preponderance of the evidence. See King, 29 S.W.3d at 563. 
Accordingly, we conclude that there was factually sufficient evidence to show that
the rock was a deadly weapon. 

 We overrule appellant's second point of error.




 Conclusion


 We affirm the judgment of the trial court.



 Adele Hedges

 Justice

Panel consists of Justices Hedges, Nuchia, and Smith. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.