ACCEPTED
06-14-00192-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/20/2015 2:37:40 PM
DEBBIE AUTREY
CLERK

## 06-14-00192-CR

# IN THE COURT OF APPEALS FOR THE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
4/21/2015 8:47:00 AM
DEBBIE AUTREY
Clerk

# SIXTH APPELLATE DISTRICT OF TEXAS

# TEXARKANA, TEXAS

_____

### REGINALD REECE,

APPELLANT

### v.

### STATE OF TEXAS,

APPELLEE

_____

### TRIAL CAUSE NO. 11 F 0746 202

_____


## APPEAL FROM THE 202ND DISTRICT COURT
## BOWIE COUNTY, TEXAS

## BRIEF FOR APPELLANT


## ORAL ARGUMENT IS NOT REQUESTED

**Alwin A. Smith**
**SBN: 18532200**
**602 Pine Street**
**Texarkana, Texas 75501**
**903-792-1608**
**903-792-0899 Fax**
**al@alwinsmith.com**
***Attorney for Appellant***

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2005), the parties to this suit are as follows:

1.   **Reginald Reece**, is the Appellant and was the Defendant in trial court.

2.   **The State of Texas,** by and through the Bowie County Criminal District Attorney's Office, 601 Main Street, Texarkana, Texas,  is the Appellee and prosecuted this case in the trial court.


The trial attorneys were as follows:

1.   **Reginald Reece** was represented by **Rick Shumaker** .

2.   **The State of Texas** was represented by **Jerry D. Rochelle,** District Attorney and **Michael Shepherd**, Assistant District Attorney.


 The appellate attorney is as follows:

1.   **Reginald Reece** is represented by **Alwin A. Smith**, 602 Pine Street, Texarkana, Texas   75501.

2.   **The State of Texas** is represented by **Jerry D. Rochelle**, District Attorney and **Michael Shepherd**, Assistant District Attorney, 601 Main Street, Texarkana, Texas 75501.

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . ii

Index of Authorities . . . . . . . . . . . . . . . iii

Statement of the Case . . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . . 3

Summary of the Argument . . . . . . . . . . . . . . . 4

Argument and Authorities

    **Issue No. 1:** . . . . . . . . . . . . . . . 5

    **Issue No. 2:** . . . . . . . . . . . . . . . 8

Conclusion . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . 16

## INDEX OF AUTHORITIES

Cases                                                                Page

*Campbell v. State*, 667 S.W.2e 221, 222 (Tex. App. -
    Dallas 1983) . . . . . . . . . . . . . . . . 6

*Cantu v. State*, 939 S.W.2d 627, 637 (Tex. Crim.
    App. 1997) . . . . . . . . . . . . . . . 11

*Ellison v. State*, 201 S.W.3d 714, 718 (Tex. Crim.
    App. 2006) . . . . . . . . . . . . . . . 10

*Haley v. State,* 173 S.W.3d 510, 517 (Tex. Crim.
    App. 2005) . . . . . . . . . . . . 10, 11

*Hill v. State*, 426 S.W.3d 868, 877 (Tex.App. - Eastland
    2014) . . . . . . . . . . . . . . . 7

*Lindsey v. State,* 102 S.W.3d 223, 228 (Tex. App.-
    Houston [14th Dist.] 2003, pet. ref'd) . . . . . . . . . . . . . . . 11

*Rodriguez v. State*, 203 S.W.3d 837, 841 (Tex. Crim.
    App. 2006) . . . . . . . . . . . . . . . 10


Statutes/Rules

Rule 44.2(a), Tex.R.App. Proc. (Vernon's 2015).. . . . . . . . . . . 7, 11

Rule 401, Tex. R. Evid. . . . . . . . . . . . . . . . 11

## STATEMENT OF THE CASE

This is a criminal case wherein the Appellant was indicted by the Bowie County Grand Jury for theft of property with a value of less than $1,500.00, with two previous convictions, on September 22, 2011. C.R. pg. 16. The Appellant 's original trial was reversed as to punishment by this Court in Reece v. State, No. 06-13-00082-CR, 2014 WL 1851322, on January 23, 2014. The Appellant's punishment was enhanced to that of a second degree felony because of his previous convictions. C.R. pg. 40. On October 14, 2014, the Appellant's retrial began and on October 15, 2014, the jury assessed the Appellant's punishment at twenty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine in the amount of $10,000.00.

## STATEMENT REGARDING ORAL ARGUMENT

Counsel for Appellant does not believe that oral argument is necessary for the Court to make a ruling in this matter.

## ISSUES PRESENTED

**First Issue on Appeal:**  The Trial Court erred in Limiting the Defendant's Right to Voir Dire the Jury Panel on Punishment

**Second Issue on Appeal**:  The Trial Court Erred in Allowing the State to Put on Inadmissible Evidence of Victim Impact

## STATEMENT OF FACTS

On June 7, 2011, the Appellant was stopped by the Texarkana Police Department, because his vehicle matched the description of a vehicle used in a misdemeanor shoplifting at the Wal-Mart store. Vol. 3, pg. 69. Upon discovering what were believed to be stolen items in the vehicle the Appellant was arrested. Vol. 3, pg. 76.

The investigation revealed that employees of the Wal-Mart, noticed the Appellant to be putting items into his pants and leaving the store. Vol. 3, pg. 32-3. After noticing the Appellant, the manager of the store followed the Appellant out of the store and was able to retrieve from the Appellant some of the items allegedly taken. Vol. 3, pg. 64.

The total amount alleged to have been taken by the Appellant was approximately $1,100.00.

# SUMMARY OF ARGUMENT

**First Issue on Appeal:** The Trial Court erred in Limiting the Defendant's Right to Voir Dire the Jury Panel on Punishment

The trial court prevented the Appellant from being able to voir dire the jury panel as to their beliefs about punishment so as to intelligently be able to exercise his peremptory challenges or to be able to challenge a juror for cause.

**Second Issue on Appeal**: The Trial Court Erred in Allowing the State to Put on Admissible Evidence of Victim Impact

Over the objection of the Appellant, the trial court allowed the State to introduce "victim impact" testimony that did not involve the victim alleged in the indictment, nor was it limited to the Appellant's behavior.

## ARGUMENT

## First Issue on Appeal

The Trial Court erred in Limiting the Defendant's Right to Voir Dire the Jury Panel on Punishment

Prior to the beginning of voir dire, the Assistant District Attorney removed from the Appellant's counsel's possession certain power point pages of his presentation for the jury. Vol. 2, pg. 4. After the Appellant's counsel objected to the trial court about the removal by the assistant district attorney, the trial court then allowed the State to use the pilfered items to lodge an objection as to several of the items contained therein. Vol. 2, pgs. 4-9. The State then objected to two slides from the presentation that were admitted as State's Exhibit 2 and 3. Vol. 4, pgs. 89-90. State's exhibit number 2 was of a power point page that inquired about potential juror's knowledge of criminal proceedings in Bowie County, and about a case that had received considerable press. State's exhibit number 3 was a like page that inquired about an additional case and the punishment. Appellant's counsel argued to the trial court that these exhibits were designed to inquire into the potential jurors attitudes with regard to punishment. Vol. 2, pgs. 11-2. The trial court then sustained the State's objection, stating that he felt that the inquiry would

"open up issues involved in other cases". Vol. 2, pg. 12. The trial court also stated that it felt that the question would be an improper commitment question. Vol. 2, pg. 12.

The Appellant was being tried by the jury for punishment only. His previous record subjected him to a second degree punishment for the commission of a Class A misdemeanor offense of shoplifting. CR. Pg. 16. It was paramount that that the Appellant be able to exercise his peremptory challenges and challenges for cause against any juror who could not or would not consider the full range of punishment in this case.

The trial court may control voir dire examination of the panel of perspective jurors, but that ability is an abuse of the trial court's discretion when, as here, it limits the Appellant with regard to a proper area of inquiry. *Campbell v. State*, 667 S.W.2d 221, 222 (Tex.App.—Dallas 1983). By refusing to allow Appellant's counsel to inquire into the venire members' beliefs on punishment he was effectively prohibited from being able to fully explore their ability to fully consider the full range of punishment. "Defense counsel is entitled to ask the venire members the question of whether they could consider the full range of punishment, and if the trial court prevents counsel from doing that, then defense counsel may not be able to discern if a juror

should be struck for cause because he is unqualified." *Hill v. State*, 426 S.W.3d 868, 877 (Tex.App.—Eastland 2014).

Having established error, the Appellant urges this Court to consider the error pursuant to a Rule 44.2(a) analysis, that being, whether this error did not, beyond a reasonable doubt, contribute to the punishment as assessed by the jury and was, therefore, harmless. Rule 44.2(a) Tex.R.App.Proc.,Vernon's 2015).

The Appellant in this case was tried as to punishment only for the offense of Class A misdemeanor theft, which was enhanced to a State Jail Felony because of two prior theft convictions, which was enhanced to a second degree felony because of two prior felony convictions. The jury assessed his punishment at the maximum number of years and assessed the maximum fine. CR. pg. 72. It could not be clearer that the jury in this matter did not consider the full range of punishment.

## Second Issue on Appeal

The Trial Court Erred in Allowing the State to Put on Admissible Evidence of Victim Impact

During the punishment trial of the Appellant, the State offered the testimony of Mark Harrison, the store manager of the Wal-Mart from which the Appellant had committed the misdemeanor theft. Vol. 3, pg. 57. During his testimony, the following exchange took place between the witness and the assistant district attorney:

"Question: And in your current capacity as an assistant manager, do you have a significant desire to have an impact on being able to control the merchandise that is taken from the store? Do you have a reason as to why you want to protect the store merchandise?

Answer: Yes, sir. If we can protect our assets, it helps keep costs down."

Vol. 3, pg. 58. Counsel for Appellant objected to the testimony as being irrelevant. Vol. 3, pg. 58. The State responded that as a 20 year employee of Wal-Mart, the witness could testify to the impact of shoplifting on the corporation. Vol. 3, pg. 58-9. The trial court overruled the Appellant's

8

objection and allowed the State to continue. Vol. 3, pg. 59. The witness was then allowed to testify to the following:

> "Question: (Mr. Shepherd) You may continue.
>
> Answer: Yes. The amount of shoplifting that we get, it's very extensive and it causes the prices to go up. We have to pay for asset protection associates in the store, the cameras. It's just a very expensive part of the job.
>
> Question: And basically what you're saying is that as it relates to Walmart, that's a multi-billion dollar corporation. Is that correct, sir?
>
> Answer: Yes, sir.
>
> Question: And a corporation of that size, if property is taken from the store, for them to maintain a profit margin, they have to raise prices when property is stolen at a significant margin. Is that correct, sir?
>
> Answer: That is correct.
>
> Question: Therefore, would that process affect normal shoppers as it relates to their prices being increased due to thefts that occur at a particular store?

Answer:    Yes, sir. The costs are distributed to all of us that shop

at Walmart."

Vol. 3, pg. 59.

It is clear that this testimony was victim impact testimony, and that it was not limited to the Appellant  nor of the effect of his crime on a particular store, but was testimony of the impact on every shopper of all shoplifting done at all Wal-Marts throughout the world.

"We review a trial court's ruling on the admissibility of evidence under an abuse of discretion standard." *Rodriguez v. State,* 203 S.W.3d 837, 841 (Tex.Crim.App.2006). "We will uphold the trial court's decision as long as it falls within the zone of reasonable disagreement." *Id*. "We may not reverse the court's decision solely because we disagree with it." *Id*.

"In determining admissibility of punishment evidence, "a trial judge must operate within the bounds of Rules 401, 402, and 403". *Ellison v. State,* 201 S.W.3d 714, 718 (Tex.Crim.App.2006).

"Victim-impact evidence is admissible during the punishment phase when the evidence has some bearing on the defendant's personal responsibility and moral culpability." *Haley v. State,* 173 S.W.3d 510, 517 (Tex.Crim.App. 2005). "Extraneous victim impact evidence by people not

named in the indictment is inadmissible because such evidence runs the risk of extreme prejudice and can lead to an unfair punishment hearing." _Cantu v. State,_ 939 S.W.2d 627, 637 (Tex.Crim.App.1997); _Lindsay v. State,_ 102 S.W.3d 223, 228 (Tex.App.-Houston [14th Dist.] 2003, pet. ref'd). Such evidence is irrelevant under Rule 401 of the Texas Rules of Evidence. _Cantu,_ 939 S.W.2d at 637.

"Pursuant to Texas Rule of Appellate Procedure 44.2(b), any non-constitutional error that does not affect appellant's substantial rights must be disregarded. A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury's verdict. In assessing the likelihood that the jury's decision was adversely affected by the error, an appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. The reviewing court may also consider the jury instructions, the State's theory and any defensive theories, closing arguments, voir dire and whether the State emphasized the error." _Haley,_ at 518-9.

The State began Appellant's punishment trial by asking in voir dire:

MR. SHEPHERD: In regard to a shoplifting case, do you understand, or what are your feelings in regard to how many people in the community are affected when it comes to shoplifting? Do you think that, you know, only the big corporation of Walmart is affected, or do you think potentially everyone can be affected?

PANEL MEMBER OTWELL: Everyone is affected.

MR. SHEPHERD: Okay. And how and why do you feel that way, ma'am?

PANEL MEMBER OTWELL: The workers in Walmart, some of their pay is taken away for extra security that shouldn't have to be there because people should be honest. I am watched when I am not a thief. I even feel like I'm being watched and even have some unfounded guilt sometimes, just because I feel that I'm being watched for no apparent reason. I just believe that it affects society as a whole. We should be honest, we should go in and we should pay for goods, and we should work hard.

Vol. 2, pg. 33. After this exchange with Panel Member Otwell, the Assistant District Attorney went on to state:

"MR. SHEPHERD: All right. Thank you very much. I think you were very well spoken in regard to that. And I think we all understand that, just as Ms. Otwell pointed out, when it comes to shoplifting, you know, some individuals might think why are we here, that's such a minor crime. A lot of people think that. A lot of people think that -- well, in this case at bar, I believe the total amount stolen on that day was about $1,100 worth of merchandise, okay? A lot of people think that, or some people think, well, Walmart is a big multi-billion dollar corporation, they can make that up in no time, it doesn't affect me, I'm not going to worry about it. Some people think that. However, the reality is, just as Ms. Otwell pointed out, that additional security, surveillance cameras, all of that is tacked onto the price of goods that we all have to pay for. Absolutely nothing is going to come out of Walmart's pocket. It's going to come out of our pockets. If the Texarkana Walmart loses $10,000 a month in merchandise that's stolen out of the store, you can rest assured that when we go in there to buy something --."

Vol. 2, pg. 34. At this point Appellant's counsel objected, and the trial court

instructed the State to "ask questions" without ruling on the objection. Vol. 2, pg. 34.

In closing, the State reminded the jury "And remember, we all pay for what he does. It doesn't just affect Walmart. It doesn't just affect the people there. It affects all of us." Vol. 3, pg. 106. It cannot be reasonably disputed that the repeated reference to the effect on all shoppers at all Wal-Marts with regards to the offense of shoplifting in general, didn't have a substantial effect and influence on the jury's punishment assessment.

# CONCLUSION

It is for the reasons stated herein that the Appellant, requests that this Court reverse the punishment assessed by the jury in this case and remand this matter to the trial court for a proper punishment trial.

Respectfully submitted,

*/s/Alwin A. Smith*
Alwin A. Smith
TBN: 18532200
al@alwinsmith.com
602 Pine Street
Texarkana, Texas 75501
903/792-1608
903/792-0899 Fax

## Certificate of Compliance

Pursuant to the Tex. R. App. P. 9.4(i)(3), I hereby certify that this brief contains 1997 words (excluding the caption, table of contents, table of authorities, signature of proof of service, certification and certificate of compliance). This is a computer-generated document created in Wordperfect, using 14 point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/Alwin A. Smith*

## Certificate of Service

This is to certify that a true and correct copy of Appellant's Brief has been forwarded to the Appellant, Reginald Reece, #1857130, Gurney Unit, 1385 FM 3328, Palestine, Texas 75803 and Michael Shepherd, Attorney for the State, 601 Main Street, Texarkana, Texas 75501, on this the _____ day of April 2015, by placing the same in the U.S. Mail or private courier service.


*/s/Alwin A. Smith*