

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00192-CR

_____

REGINALD REECE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 11F0746-202

Before Morriss, C.J., Moseley and Carter,* JJ.
Opinion by Justice Moseley
Concurring Opinion by Justice Carter*

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

O P I N I O N

After a Bowie County jury found Reginald Reece guilty of theft of property valued at $500.00 or more, but less than $1,500.00, and, due to enhancements, assessed him the maximum punishment of twenty years' imprisonment, Reece appealed to this Court. We reversed the judgment as to punishment and remanded the case to the trial court for a new hearing on punishment. *See Reece v. State*, No. 06-13-00082-CR, 2014 WL 1851322, *1, *5 (Tex. App.—Texarkana May 6, 2014, no pet.) (mem. op., not designated for publication). On remand, a second jury assessed Reece the maximum punishment of twenty years' imprisonment and fined him $10,000.00. In this appeal, Reece asserts that the trial court erred (1) in limiting his right to voir dire the jury panel on punishment and (2) in admitting improper victim impact testimony. We find that the trial court did not improperly limit Reece's voir dire and that Reece failed to preserve any error in the admission of the victim impact testimony. Therefore, we affirm the judgment of the trial court.

## I.     Limitation on Voir Dire

Before voir dire of the jury panel, the State objected to selected slides that Reece sought to display to the jury panel during his voir dire. On this appeal, Reece complains of the trial court's exclusion of two of these slides. The first excluded slide read,

> **Knowledge of Bowie County and Attitudes on Punishment**
>
> ›       Anyone regularly read the paper and follow articles about criminal offenses in Bowie County?
>
>      º       Anyone recall the case where the individual killed the Deputy in the Courthouse?

2

- That individual received a life sentence.

- Agree that that was the proper punishment for that type of crime?

The second excluded slide read,

### Attitudes on Punishment – Cont'd

› Anyone recall that recent case of the drunk driver who killed two people and received 20 year sentence?

° Do you feel that was an appropriate sentence?

At the hearing, the State objected that the slides improperly sought to bring in facts dealing with other cases before the jury and that they were, therefore, highly prejudicial and would confuse the jury. Reece argued that he was entitled to question the jury on their knowledge of other offenses occurring in Bowie County, their attitudes towards the punishment for those offenses, as well as their attitudes regarding punishment in general. He also proposed rephrasing the questions as hypotheticals, but never proposed specific hypotheticals for the trial court's consideration. The trial court sustained the State's objection, holding that the slides would be confusing to and would commit the jury to a particular sentence.

On appeal, Reece complains that the trial court's ruling erroneously prohibited him from "fully" exploring the venire members' ability to "fully" consider the entire range of punishment. The State responds that Reece failed to preserve any error since he did not present the trial court with particular questions he wanted to ask the jury panel in lieu of the slides. In the alternative, the State argues that the trial court properly exercised its discretion in excluding the slides since they contained improper commitment questions. In addition, the State points out that Reece was

3

in fact allowed to question the jury panel as to the full range of punishment and their attitudes toward punishment in general.

### A. Standard of Review

"The trial court has broad discretion over the process of selecting a jury." *Sells v. State*, 121 S.W.3d 748, 755 (Tex. Crim. App. 2003) (citing *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002)). We review a trial court's ruling limiting voir dire using an abuse-of-discretion standard, and the trial court's decision will not be disturbed unless it abuses its discretion. *Hernandez v. State*, 390 S.W.3d 310, 315 (Tex. Crim. App. 2012); *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). An abuse of discretion is found when the trial court "prohibits a proper question about a proper area of inquiry." *Sells*, 121 S.W.3d at 755–56 (citing *Barajas*, 93 S.W.3d at 38). Generally, if a question seeks discovery of a potential juror's views on any issue relevant to the case, it is proper. *Sells*, 121 S.W.3d at 756; *Barajas*, 93 S.W.3d at 38. The trial court has "discretion to restrict voir dire questions that are confusing, misleading, vague and broad, or are improper commitment questions." *Hernandez*, 390 S.W.3d at 315 (citing *Barajas*, 93 S.W.3d at 38–39).

Further, although a defendant is allowed to ask proper questions in a relevant area of inquiry, "he is not entitled to ask questions in any particular form." *Wright v. State*, 28 S.W.3d 526, 534 (Tex. Crim. App. 2000) (citing *Howard v. State*, 941 S.W.2d 102, 110–11 (Tex. Crim. App. 1996), *overruled in part on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014)). Thus, when the trial court excludes a question due to its form, but "does not place an absolute limitation on the substance of an appellant's voir dire question," the party is required

4

to attempt to rephrase the question, or he will "risk waiver of the alleged voir dire restriction." *Hernandez*, 390 S.W.3d at 315; *see Howard v. State*, 941 S.W.2d 102, 108–11 (Tex. Crim. App. 1996), *overruled in part on other grounds by Easley v. State*, 424 S.W.3d 535 (Tex. Crim. App. 2014); *Bolden v. State*, 73 S.W.3d 428, 431 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd).

**B.     Analysis**

The issue in this case is whether the trial court improperly restricted Reece's ability to explore the veniremembers' ability to consider the full range of punishment. The record reflects that when considering whether to allow the questions on the slide, Reece stated that he could rephrase the questions as hypotheticals. However, he never presented the trial court with specific hypothetical questions for its consideration. The trial court then sustained the State's objection as to each question on the two excluded slides. Further, the record reflects that Reece was allowed to question the veniremembers on their views on punishment and their ability to consider the full range of punishment.[1] During his actual examination of the veniremembers, the record shows that the trial court did not limit Reece's inquiry into their ability to consider the full range of punishment. Thus, the trial court did not place an absolute limitation on these areas of inquiry, but

---

[1]The record shows that Reece was allowed to ask veniremembers questions regarding their views on punishment (e.g., "Do you think that the punishment should fit the crime?" and "[Y]ou would agree that a misdemeanor shoplifting case is not akin to murder in punishment for murder, would you not?"). He was also allowed to inquire of individual jurors whether their personal experiences as victims of crime would make them lean toward the higher end of the punishment range and whether they would consider the entire punishment range. The record also shows he questioned veniremembers on whether they would listen to the evidence, assess it, and determine the proper punishment. Since Reece was allowed to question veniremembers on their views on punishment and their ability to consider the full range of punishment, Reece's reliance on *Campbell v. State*, 667 S.W.2d 221 (Tex. App.—Dallas 1983), *aff'd*, 685 S.W.2d 23 (1985), and *Hill v. State*, 426 S.W.3d 868 (Tex. App.—Eastland 2014, pet. ref'd), is misplaced. In both *Campbell* and *Hill*, the trial courts completely prohibited the defendant's voir dire inquiry into proper areas of inquiry. *See Campbell*, 667 S.W.2d at 222 (trial court prohibited questioning veniremembers on their theories of punishment); *Hill*, 426 S.W.3d at 874–76 (trial court prohibited asking some veniremembers individually whether they could consider full range of punishment).

merely excluded the questions on the slide because of their form. Therefore, it was incumbent on Reece to rephrase the excluded questions. The record shows that Reece never attempted to rephrase the excluded questions during his examination of the veniremembers. Based on the record before us, we cannot say that the trial court improperly prohibited Reece from fully exploring the veniremembers' ability to consider the full range of punishment. We overrule Reece's first point of error.

## II.    Victim Impact Testimony

During the punishment phase of the trial, the State offered the testimony of Mark Harrison, the assistant manager of the Walmart where the offense was committed. After establishing that Harrison had worked at Walmart for over twenty years' working his way up in the company, the following exchange took place:

> Q       [By the State]  And in your current capacity as an assistant manager, do you have a significant desire to have an impact on being able to control the merchandise that is taken from the store?  Do you have a reason as to why you want to protect the store merchandise?
>
> A       Yes, sir.  If we can protect our assets, it helps keep costs down.
>
> [By Defense Counsel]:  I'm going to object to relevancy, Judge.  He doesn't have any idea how Walmart's prices are computed or anything that goes into their profit margin.
>
> [By the State]:  Judge, I believe that an employee that's been with the system for twenty years can testify as to the impact of shoplifting on that corporation.
>
> THE COURT:   At this point in time I'm going to overrule the Defense's objection.
>
> Q       [By the State]  You may continue.

A    Yes. The amount of shoplifting that we get, it's very extensive and it causes the prices to go up. We have to pay for asset protection associates in the store, the cameras. It's just a very expensive part of the job.

Q    And basically what you're saying is that as it relates to Walmart, that's a multi-billion dollar corporation. Is that correct, sir?

A    Yes, sir.

Q    And a corporation of that size, if property is taken from the store, for them to maintain a profit margin, they have to raise prices when property is stolen at a significant margin. Is that correct, sir?

A    That is correct.

Q    Therefore, would that process affect normal shoppers as it relates to their prices being increased due to thefts that occur at a particular store?

A    Yes, sir. The costs are distributed to all of us that shop at Walmart.

On appeal, Reece complains that the trial court erred in allowing this victim impact testimony, arguing that the testimony was not limited to Reece and the effect of his crime on the particular store, but improperly included the effect of all shoplifting on every shopper at every Walmart throughout the world. The State responds that by failing to continue to object or to obtain a running objection, Reece failed to preserve any error for appellate review. We agree that Reece did not preserve any error for our review.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). If an issue has not been preserved for appeal, we should not address the merits of the issue. *Wilson v. State*, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh'g) (per curiam); *Ford*,

7

305 S.W.3d at 532. Even if a party has not raised it, we are directed to address preservation of error on our own motion. *Ford*, 305 S.W.3d at 532–33.

To preserve error for appellate review, Rule 33.1 of the Texas Rules of Appellate Procedure "requires that the record demonstrate (1) the complaining party made a timely and specific request, objection, or motion; and (2) the trial judge either ruled on the request, objection, or motion, or he refused to rule and the complaining party objected to that refusal." *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005) (citing TEX. R. APP. P. 33.1(a); *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003)). In addition, the objection must be specific, timely, and made each time inadmissible testimony or evidence is offered. *Haley*, 173 S.W.3d at 516–17; *Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003); *Martinez v. State*, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003). However, counsel is not required to continue making objections if he either obtains a running objection or requests a hearing outside the presence of the jury. *Haley*, 173 S.W.3d at 517; *Geuder*, 115 S.W.3d at 13; *Martinez*, 98 S.W.3d at 193.

In addition, the "'point of error on appeal must comport with the objection made at trial.'" *McClain v. State*, No. 06-14-00104-CR, 2015 WL 1221512, at *2 (Tex. App.—Texarkana Mar. 18, 2015, pet. ref'd) (mem. op., not designated for publication) (quoting *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002)). To preserve an error for appeal under Rule 33.1, the party's objection, unless it is apparent from the context, must be specific enough to "'let the trial judge know what he wants [and] why he thinks himself entitled to it, and [to] do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something

about it.'" *Resendez v. State*, 306 S.W.3d 308, 312–13 (Tex. Crim. App. 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)); *see also* TEX. R. APP. P. 33.1(a)(1)(A).

In this case, Reece initially objected to Harrison testifying as to his reason for wanting to protect Walmart's store merchandise. Reece stated that he was objecting on the grounds of relevancy, but then explained that he was objecting that it had not been shown that Harrison had sufficient knowledge to testify regarding Walmart's pricing policies or profit margin calculations. Thus, although he objected to the lack of a proper foundation for this line of questioning, Reece never informed the trial court, nor is it apparent from the context, that he was asserting that the victim impact testimony itself was improper. On appeal, however, his point of error is that the subsequent testimony of Harrison was improper victim impact testimony. This point of error does not comport with the objection he made at trial. In addition, Reece failed to object to any of the subsequent testimony of Harrison regarding the impact of shoplifting on Walmart and its customers or to obtain a running objection to this line of inquiry. Consequently, Reece failed to preserve anything for our review, and this point of error is overruled.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

CONCURRING OPINION

The majority opinion states that the questions Reginald Reece requested to submit to the jury panel were improper due to their form and that since counsel did not submit other questions

9

in a different form, there is no error. I cannot conclude that the form of the question was either the basis for the trial court's ruling or the real problem here. The trial court stated that the objection was sustained because the questions were confusing and because they were commitment questions.

I agree with the majority that the trial court correctly ruled that the proposed questions were improper. In my view, it is improper for either the State or the defense to attempt to compare the punishment verdicts of other cases with the case at hand. Here, the veniremembers were being asked if they knew about and agreed with punishments assessed in other Bowie County cases. Of course, the veniremembers heard no evidence whatsoever of the facts and circumstances of the other cases and, thus, could not properly evaluate the propriety of those punishment assessments. I believe the trial court was properly within its discretion to sustain the State's objection on this basis.

I concur in the judgment of the court.


Jack Carter
Justice

Date Submitted:    July 14, 2015
Date Decided:     September 3, 2015

Publish

10